DECISION AND JUDGMENT ENTRY
This matter is before the court on the petition of prose relator, Jackie Green, for a writ of mandamus, on relator's motion for summary judgment and on the motion for summary judgment of respondent the Toledo Police Department. Relator seeks an order from this court commanding respondent to return to him $2,200 which relator contends was seized from him on April 6, 1998. Relator asserts that the money was never tied to any criminal activity and that the charge filed against him based on his April 6, 1998 arrest was ultimately dismissed.
For a writ of mandamus to be issued, the relator must demonstrate that he has a clear legal right to the relief prayed for, that respondent is under a clear legal duty to perform the requested act and that relator has no plain and adequate remedy at law. State ex rel. Donaldson v. Alfred (1993), 66 Ohio St.3d 327,329.
This court has previously addressed the very issue that is presently before us and held:
 "The proper action to reclaim possession of property based on unlawful seizure or detention is an action for replevin. See R.C. 2737.01 et seq.; Spurlock v. Thomas
(Dec. 2, 1992), Lorain App. No. 92CA005341, unreported, 1992 WL 368915; State v. Young (May 3, 1991), Richland App. No. CA-2810, unreported, 1991 WL 87203. A writ of replevin enforces a legal right of immediate possession of specific property, which is granted to one who has a right to that immediate possession against another who is holding the property wrongfully or unlawfully. Auto. Fin. Co. v. Munday (1940), 137 Ohio St. 504, 521 * * *. See, also, e.g., 19 Ohio Jurisprudence 3d (1980), Conversion and Replevin, Section 138; Fleitz v. Toledo
(May 1, 1987), Lucas App. No. L-86-179, unreported, 1987 WL 10634." State ex rel. Jividen v. Toledo Police Dept.
(1996), 112 Ohio App.3d 458, 459.
In this case, relator seeks to reclaim possession of property which he asserts has been unlawfully confiscated from him. The proper means for seeking the return of that property is through an action in replevin.
Because relator has an adequate remedy at law, he has not established the requirements for relief pursuant to an action in mandamus. Accordingly, there remains no genuine issue of material fact and respondent is entitled to judgment as a matter of law. Relator's action in mandamus is hereby ordered dismissed at relator's cost.
Writ Dismissed.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.