[Cite as *State v. Court*, 2014-Ohio-2712.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0122** |
| GLORIA JEAN COURT, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2012 CR 435.

Judgment: Appeal dismissed.


*Dennis Watkins*, Trumbull County Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Gloria Jean Court*, pro se, PID: W086942, Northeast Pre-Release Center, 2675 East 30th Street, Cleveland, OH 44115 (Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1} This matter is before this court on the pro se motion of appellant, Gloria Jean Court, for leave to file a delayed appeal pursuant to App.R. 5(A). Along with her motion, appellant filed her notice of appeal on December 17, 2013. Appellant is requesting leave to appeal the trial court's June 7, 2013 judgment entry ordering the forfeiture of her interest in certain real property that was used or intended to be used in

the offense of trafficking in cocaine. For the following reasons, appellant's motion for leave to file a delayed appeal is overruled, and her notice of appeal is dismissed.

{¶2} We note, initially, that the forfeiture order from which appellant appeals is a final and appealable order, separate from the entry of conviction and sentence. An entry of conviction is final and appealable when it complies with Crim.R. 32(C). *State v. Lester*, 130 Ohio St.3d 303, 308 (2011). To comply with Crim.R. 32(C), an entry must contain four substantive provisions: "(1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Id*. at paragraph one of the syllabus. In *State v. Harris*, 132 Ohio St.3d 318 (2012), the Ohio Supreme Court held that "Crim.R. 32(C) does not require that the forfeiture of items be listed in the sentencing entry" because it does not constitute any of the above-listed substantive requirements. *Id*. at 322-323. Further, "the forfeiture of items contemplates judicial action and additional considerations that extend beyond a defendant's criminal case." Accordingly, "the trial court need not combine the entry of conviction and the forfeiture order." *Id*. at 322. Because the forfeiture order disposed of all issues concerning the forfeiture proceeding, it follows that a forfeiture order not included in an entry of conviction, as occurred here, is independently final and appealable.

{¶3} Essential to the Supreme Court's analysis in *Harris* is its determination that "[f]orfeiture is a civil, not criminal, penalty" when the forfeiture is not a statutorily-required punishment. *Id*. at 324-325. *See also State v. Cruise*, 185 Ohio App.3d 230, 236 (9th Dist.2009); *State v. Watkins*, 7th Dist. No. 07 LE 54, 2008-Ohio-6634, ¶31. When not mandatory, an order of forfeiture is neither a conviction nor a sentence and,

therefore, does not constitute "any of the substantive requirements necessary for compliance with Crim.R. 32(C)." *Id.* at 323-324. Moreover, the Supreme Court notes that the state of Ohio is required to prove that property is subject to forfeiture "only by a preponderance of the evidence"; "[t]o obtain a conviction, in contrast, the state must prove all the elements of the offense beyond a reasonable doubt." *Id.* at 323.

{¶4} Prior to *Harris*, the Supreme Court reached the same conclusion in a matter that involved a statutorily-mandated forfeiture: "[F]orfeitures are not inherently civil penalties; rather, whether a forfeiture is a civil rather than a criminal penalty is a matter of statutory construction." *State v. Casalicchio*, 58 Ohio St.3d 178, 181-182 (1991). In *Casalicchio*, the defendant's automobile was forfeited to the state, pursuant to former R.C. 2933.43, as contraband under former R.C. 2933.42(B). *Id.* at 179. Former R.C. 2933.42(B) stated, in pertinent part and emphasis added:

> For purposes of section 2933.43 of the Revised Code, if a * * * motor vehicle * * * is used in a violation of division (A) of this section, the * * * motor vehicle * * * is contraband and, *if the underlying offense involved in the violation of division (A) of this section is a felony, is subject to seizure and forfeiture* pursuant to section 2933.43 of the Revised Code.

The relevant portion of former R.C. 2933.43 stated, with emphasis added: "property *shall be forfeited* upon a showing by a preponderance of the evidence by the petitioner that the person from which the property was seized was in violation of division (A) of section 2933.42 of the Revised Code."

{¶5} The Supreme Court concluded that, due to the statutory requirements of former R.C. 2933.42(B), "forfeiture of that property pursuant to [former] R.C. 2933.43 constitutes a separate criminal penalty in addition to the penalty the defendant faces for conviction of the underlying felony." *Casalicchio* at 182-183.

3

{¶6} The different result in *Harris*, *supra*, is simply distinguished by the operative statutes. The defendant in *Harris* pled guilty and was convicted of drug trafficking in violation of R.C. 2925.03(A)(1) and having a weapon under disability in violation of R.C. 2923.13(A)(3), both with forfeiture specifications pursuant to R.C. 2981.04.

{¶7} R.C. 2981.04(B) states, in pertinent part:

> If a person pleads guilty to or is convicted of an offense * * * and the complaint, indictment, or information charging the offense or act contains a specification covering property subject to forfeiture under section 2981.02 of the Revised Code, the trier of fact shall determine whether the person's property shall be forfeited. * * *.

"No positive prohibition or specific duty to be enjoined is present in the statute. Moreover, by its very terms, the statute distinguishes between the underlying criminal offense and the forfeiture specification." *Harris*, *supra*, at 323. Thus, forfeiture of the defendant's property was not a conviction for purposes of Crim.R. 32(C). *Id.* at 323-324. Further, neither R.C. 2925.03(A)(1) nor R.C. 2923.13(A)(3) require forfeiture "as a punishment for [the defendant's] offenses." *Id.* at 324. Accordingly, forfeiture of the defendant's property was not part of a sentence, but a civil penalty. *Id.*

{¶8} Similarly, in the case sub judice, appellant pled guilty and was convicted under R.C. 2925.03(A)(1) and (C)(4)(b) for three counts of trafficking in cocaine, felonies of the fourth degree, with specifications of forfeiture pursuant to R.C. 2981.04(B). Pursuant to *Harris*, the forfeiture of appellant's property was neither a conviction nor a sentence, but a civil penalty.

{¶9} Not only is forfeiture considered a civil penalty in these circumstances, it is also considered a civil proceeding. "Ohio has generally considered forfeiture

4

proceedings to be civil actions." *Casalicchio*, *supra*, at 181. *See also State, Dept. of Natural Res., Div. of Wildlife v. Prescott*, 42 Ohio St.3d 65, 68 (1989); *Sensenbrenner v. Crosby*, 37 Ohio St.2d 43, 45 (1974). Although conducted ancillary to a criminal proceeding, "[i]n light of the degree of proof which is needed to establish the underlying facts for a forfeiture of property, it has been stated that * * * a forfeiture hearing is considered a civil proceeding." *State v. Meeks*, 11th Dist. Lake No. 2011-L-066, 2012-Ohio-4098,[1] ¶32, citing *Watkins*, *supra*, at ¶31.

{¶10} The trial court issued its order of forfeiture in this matter on June 7, 2013. However, appellant did not file her notice of appeal and motion for leave to file a delayed appeal until December 17, 2013, over six months later.[2] Delayed appeals are only available to the classes of cases outlined above by the plain language of App.R. 5(A)(1):

> After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases: [c]riminal proceedings; [d]elinquency proceedings; and [s]erious youthful offender proceedings.

---

1. In *Meeks*, this court stated in dicta that forfeiture hearings may be "quasi-criminal" or even "criminal." *Meeks* at ¶45, ¶48. This statement, however, was made in reference to the Supreme Court's opinion in *Casalicchio*, *supra*, which, as discussed above, did involve the use of forfeiture as a criminal penalty. Subsequent to *Casalicchio*, in *Harris*, *supra*, the Supreme Court further delineated the distinction between the two types of forfeiture proceedings in its opinion (i.e., statutorily-mandated versus discretionary). Further, in *Meeks*, this court appropriately applied the standard of review applicable to civil proceedings in its analysis of whether the trial court's forfeiture determination was against the manifest weight of the evidence. *Meeks* at ¶32.

2. Appellant previously filed a motion for leave to file a delayed appeal of the same June 7, 2013 judgment entry on November 20, 2013. Although she did not contemporaneously file a notice of appeal with her motion, the clerk of courts assigned it a case number: 11th Dist. No. 2013-T-0115. While that motion was pending, she filed the instant appeal contemporaneously with another motion for leave.

Pursuant to the analysis above, the forfeiture proceeding at issue is not included in App.R. 5(A) because, as applied to appellant, it was a civil proceeding and a civil penalty.

{¶11} By way of example, the Ohio Supreme Court has held that postconviction proceedings are quasi-civil in nature, although they stem from criminal proceedings. *State v. Nichols*, 11 Ohio St.3d 40, 42 (1984). Accordingly, the Sixth Amendment right to appointed counsel does not attach to postconviction proceedings. *See State v. Buell*, 70 Ohio St.3d 1211, 1212 (1994), quoting *Penn. v. Finley*, 481 U.S. 551, 555 (1987) (emphasis sic) ("'[t]he right to appointed counsel extends to the *first* appeal as of right, *and no further*'"). Thus, the Supreme Court has expressly held that delayed appeals are not available for postconviction proceedings. *Nichols* at 42.

{¶12} Similarly, in *Meeks*, this court held that the Sixth Amendment right to appointed counsel does not attach to forfeiture proceedings. *Meeks*, *supra*, at ¶51. Therefore, we hold that an App.R. 5(A) delayed appeal is not available for appellant's untimely appeal of the trial court's order in her forfeiture proceeding.

{¶13} The time requirement for filing a notice of appeal is jurisdictional in nature and may not be enlarged by an appellate court. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988); App.R. 14(B). An appellant must comply with the time guidelines found in App.R. 4(A) when filing a notice of appeal, which states:

> A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure.

6

{¶14} A review of the trial court docket reveals that service of the June 7, 2013 entry was made within the three-day rule period in Civ.R. 58(B). Accordingly, any appeal from the forfeiture order was due to be filed with the clerk of the trial court no later than July 8, 2013. Appellant's notice of appeal was thus untimely by over five months.

{¶15} Based upon the foregoing analysis, appellant's motion for leave to file a delayed appeal is hereby overruled.

{¶16} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____


COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.

{¶17} Finding the majority's reliance on *Harris*, *supra*, misplaced, I would find this forfeiture a criminal proceeding for purposes of App.R. 5(A)(1)(a), and allow the delayed appeal.

{¶18} As long ago as 1982, the Supreme Court of Ohio determined that forfeiture proceedings "are criminal in nature but civil in form." *State v. Lilliock*, 70 Ohio St.2d 23, paragraph two of the syllabus (referencing former R.C. 2933.41). This remains true under present R.C. 2981.04, the statute used by the state in this case, which is entitled "Criminal forfeiture proceedings." The state can always choose to

operate under R.C. 2981.05, which sets forth a civil forfeiture process. *See, e.g.*, *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶34 (6th Dist.) In this case, it did not.

{¶19} The nature of forfeiture proceedings under R.C. 2981.04 was merely incidental in the *Harris* analysis. At issue was the following proposition of law: "'Because forfeiture of items contemplates actions and issues that extend beyond the criminal case and sentence, Crim.R. 32(C) does not require (that) the forfeiture of items be listed in the sentencing entry.'" *Harris* at ¶2. The Eighth Appellate District had ruled that a judgment entry of conviction in a criminal case where there was an attendant R.C. 2981.04 forfeiture had to include "information about the forfeiture specifications," to be a final appealable order. *Harris* at ¶24. The Supreme Court disagreed, on the basis that a forfeiture does not constitute any of the "substantive requirements necessary for compliance with Crim.R. 32(C)." *Id.* The essential elements for a valid judgment of conviction under Crim.R. 32(C) include: "(1) the fact of conviction, (2) the sentence, (3) the signature of the judge, and (4) entry on the journal by the clerk of courts." *Harris* at ¶22, citing *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus. The *Harris* court then observed that an order of forfeiture constitutes neither a conviction, nor a sentence. *Harris* at ¶25-31.

{¶20} *Harris* does contain the statement that, "Forfeiture is a civil, not criminal, penalty." *Id.* at ¶29. I respectfully suggest that, in context of the question entertained in *Harris*, this is dicta. It is not essential for deciding whether a judgment entry of sentence is compliant with Crim.R. 32(C), and does not deal with the essential nature of forfeiture proceedings.

**{¶21}** Forfeiture is not favored at law or equity. *Lilliock*, *supra*, at 25. Forfeiture statutes "must be construed so as to avoid a forfeiture of property." *Id.* at 26. Whether to bring an R.C. 2981.04 forfeiture proceeding against a criminal defendant is discretionary with the prosecutor – but so is seeking an indictment. And the proceeding cannot exist without an underlying criminal conviction. It is criminal in nature, if not process. *Lilliock* at paragraph two of the syllabus. Consequently, I would find R.C. 2981.04 forfeitures to be criminal proceedings within the meaning of App.R. 5(A)(1)(a), and allow this delayed appeal.

**{¶22}** R.C. 2981.04(B) mandates that the court in a forfeiture proceeding conduct a proportionality review, R.C. 2981.09, to determine whether "the amount or value of the property subject to forfeiture is disproportionate to the severity of the offense." R.C. 2981.09(A). In this case, appellant pled guilty to three fourth degree felonies for trafficking in cocaine. Under the R.C. 2981.04 proceeding, she forfeited the house she inherited from her mother. I am well aware that the courts of appeals regularly approve the forfeiture of defendants' homes in drug trafficking cases, even when the value of the drugs sold is minor. *See, e.g.*, *State v. Adams*, 11th Dist. Ashtabula No. 2012-A-0025, 2013-Ohio-1603, ¶69 (collecting cases). Without a transcript of the proceedings below, this court is unable to consider the proportionality review made in this case. Forfeitures being disfavored, I believe it is incumbent on us to review these proceedings for proportionality, when the issue is raised.

**{¶23}** I respectfully dissent.

9