[Cite as *State v. Housley*, 2018-Ohio-4140.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-4 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-348 |
| | : | |
| TIMOTHY H. HOUSLEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of October, 2018.

. . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Miami County Prosecutor's Office, Appellate Division, 201 W. Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

TIMOTHY H. HOUSLEY, #730-882, P.O. Box 209, Orient, Ohio 43146
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Timothy H. Housley appeals pro se from the trial court's decision and entry overruling his motion for return of property.

{¶ 2} In his sole assignment of error, Housley contends the trial court erred in overruling the motion.[1]

{¶ 3} The record reflects that Housley pled guilty to drug-trafficking and drug-possession charges pursuant to a negotiated plea agreement. The trial court filed a November 2016 judgment entry imposing an aggregate five-year prison sentence. (Doc. #29.) In December 2017, the State applied for forfeiture and destruction of evidence seized in connection with Housley's case. The application mentioned two cell phones, two computers, currency, and a handgun. (Doc. #33.) The trial court granted the application. (Doc. #34.) The trial court subsequently filed an amended order on December 22, 2017 that specifically referenced the items mentioned in the State's application. (Doc. #39.) On January 8, 2018, Housley filed a motion for the return of property. The motion contained no analysis and cited no authority. It simply requested the return of a cell phone, $3.00 cash, a safe, and a computer. (Doc. #40.)

{¶ 4} In a March 2, 2018 decision and entry, the trial court overruled Housley's motion for return of property. (Doc. #42.) The trial court reasoned that all items mentioned by Housley, except the safe, already had been ordered destroyed pursuant to R.C. 2981.11 et seq., which authorizes the disposal of contraband seized under a search warrant. The trial court noted that the State's application and its order did not mention the

---

[1] We note that the substantive portion of Housley's appellate brief has been attached to his March 15, 2018 criminal docket statement.

safe. Having found that all other items already had been ordered destroyed, the trial court reasoned:

> * * * Therefore, the Court finds that Defendant's Motion is moot regarding the items ordered destroyed in the Order filed December 22, 2017. The statute requires that other property be kept safely by the City of Troy. However, the City of Troy is not before the Court. The statute does not provide post-conviction jurisdiction to this Court to join other parties. The Court finds that R.C. 2981.01 et seq. does not provide jurisdiction to grant the relief Defendant requests. Therefore, the Motion is hereby denied.

(*Id.* at 2.)

{¶ 5} On appeal, Housley challenges the trial court's denial of his motion. Although portions of his argument are unclear, he appears to assert that his indictment did not contain a forfeiture provision and that the trial court did not comply with the statutory forfeiture process when it ordered the property at issue destroyed. Based on these assertions, Housley seems to suggest that the trial court lacked jurisdiction to order forfeiture and, therefore, that mootness does not apply.

{¶ 6} Upon review, we are unpersuaded by Housley's arguments. Revised Code Chapter 2981 provides a procedure for civil forfeiture in the context of a criminal case.[2] *See, e.g.*, R.C. 2981.05(C). It also authorizes a trial court to issue a forfeiture order. *See* R.C. 2981.05(H). In the present case, we question whether the State and the trial court followed the procedure set forth in R.C. Chapter 2981. But any error in that regard, if it

---

[2] We note that R.C. Chapter 2981 was amended effective April 2017.

exists, would be an error in the exercise of jurisdiction rather than an act taken in the absence of subject-matter jurisdiction. Therefore, we disagree with Housley's assertion that the trial court lacked jurisdiction to order forfeiture.

{¶ 7} The trial court's forfeiture order was a final order. *State v. Court*, 11th Dist. Trumbull No. 2013-T-0122, 2014-Ohio-2712, ¶ 2-3 (recognizing that a civil forfeiture order in a criminal case is a final, appealable order separate from the judgment of conviction and sentence). That being so, we agree with the trial court that Housley's January 8, 2018 motion for return of property was moot insofar as the motion addressed items that the trial court already had ordered forfeited and destroyed. A motion for return of property is not the proper vehicle to challenge the forfeiture process *after* forfeiture has been ordered.[3] As an apparent civil judgment, the trial court's forfeiture order could have been appealed or potentially challenged under Civ.R. 60(B).[4] But Housley cannot use a motion for return

---

[3] Some question exists as to whether a motion for return of property in a criminal case ever is proper. The Ohio Supreme Court recently held that " '[t]he proper action to reclaim possession of property based on unlawful seizure or detention is an action for replevin.' " *State ex rel. Johnson v. Kral*, 153 Ohio St.3d 231, 2018-Ohio-2382, 103 N.E.3d 814, ¶ 5, quoting *State ex rel. Jividen v. Toledo Police Dept.*, 112 Ohio App.3d 458, 459, 679 N.E.2d 34 (6th Dist.1996); *see also State v. Bolton*, 2017-Ohio-7263, 97 N.E.3d 37 (2d Dist.) (Hall, J., dissenting). In *Kral*, however, the Ohio Supreme Court was considering a request for a writ of mandamus. It concluded that the writ would not issue in part because the relator had an adequate remedy at law for return of his property through a replevin action. The Ohio Supreme Court was not asked to decide whether a replevin action was the exclusive remedy for obtaining the return of property. In another recent case, this court determined that a replevin action was not an exclusive remedy and that a motion for return of property "was a viable means" for a defendant to obtain seized property in a criminal case. *See State v. White*, 2018-Ohio-2573, __ N.E.3d __, ¶ 23 (2d Dist.).

[4] The record reflects that the State filed its application for forfeiture on December 11, 2017. (Doc. #33.) The application was served on Housley's public defender even though the criminal proceedings had terminated one year earlier. Just two days later, the trial court granted the application but did not specifically mention the items to be forfeited and destroyed. (Doc. #34.) The trial court's order also was served on Housley's public defender. Thereafter, on December 22, 2017, the trial court filed an amended forfeiture

of property to obtain items that are the subject of an existing forfeiture order. *Compare State v. Pringle*, 6th Dist. Lucas No. L-98-1327, 1999 WL 110673, *2 (March 5, 1999) (considering a prior statute and holding that a motion for return of property "cannot be used after a judgment of forfeiture is entered to raise issues regarding the correctness of that judgment and the forfeiture proceeding").

{¶ 8} We note, however, that one specific request in Housley's motion for return of property was not rendered moot by the trial court's forfeiture order. That request concerned the return of a safe that allegedly belonged to Housley. The State's application for forfeiture did not mention the safe, and the trial court therefore did not order its forfeiture and destruction. The trial court recognized this fact but nevertheless concluded that it could not grant Housley's request because it lacked authority over the City of Troy, which had custody of the safe but was not a party to the proceedings below.

{¶ 9} Upon review, we conclude that the trial court erred in finding that it lacked authority to order the City of Troy to return the safe. We very recently addressed this issue in *State v. White*, 2018-Ohio-2573, ___ N.E.3d ___ (2d Dist.). There this court determined that the trial court did have authority to order police to return requested property to the defendant. *Id.* at ¶ 23. Based on the rationale set forth in *White*, we hold that the trial court

---

order specifically identifying the items to be forfeited and destroyed and again serving Housley's public defender. (Doc. #39.) Based on these filings, it appears that Housley was not given time to respond to the State's forfeiture application and, in fact, may have been unaware of the application or the trial court's ruling thereon. Housley does not claim in his present appeal that he was unaware of the trial court's ruling on the State's forfeiture application. But if he did not receive notice of the State's application or the trial court's forfeiture judgment, the proper remedy appears to be a Civ.R. 60(B) motion, given that the trial court appears to have ordered civil forfeiture. In any event, regardless of what remedies might be available to Housley to undo the forfeiture order, the fact remains that the trial court already had entered a judgment of forfeiture when Housley filed his motion for return of property.

had authority to order return of the safe, which was no longer needed in the completed criminal case and which was not the subject of the State's forfeiture application.

{¶ 10} For the reasons set forth above, Housley's assignment of error is overruled in part and sustained in part. The assignment of error is overruled as moot insofar as it challenges the trial court's judgment denying Housley's motion for return of property, because the motion addressed property that already had been ordered forfeited and destroyed. The assignment of error is sustained to the extent that it challenges the trial court's finding of a lack of authority to order return of a safe allegedly belonging to Housley.

{¶ 11} The trial court's judgment denying Housley's motion for return of property is affirmed in part and reversed in part. The judgment is reversed as to the trial court's finding about its authority to order return of the safe, and the cause is remanded for further proceedings on that issue. In all other respects, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, P. J. and DONOVAN, J., concur.

Copies sent to:

Paul M. Watkins
Timothy H. Housley
Hon. Jeannine N. Pratt