[Cite as *State v. DeVore*, 2019-Ohio-4035.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 19-COA-017 |
| ADAM M. DEVORE | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:    Appeal from the Ashland County Court of
Common Pleas, Case No. 17-CRI-002

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    September 30, 2019

APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

CHRISTOPHER TUNNELL    ADAM DEVORE
Ashland County Prosecuting Attorney    State ID #A704-923
Richland Correctional Institute
COLE F. OBERLI    P.O. Box 8107
Assistant Prosecuting Attorney    Mansfield, Ohio  44901
110 Cottage Street
Ashland, Ohio  44805

*Hoffman, J.*

{¶1}    Appellant Adam M. Devore appeals the judgment entered by the Ashland County Common Pleas Court denying his motion for return of seized property.  Appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

{¶2}    On January 12, 2017, the Ashland County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02(A)(2), one count of abduction in violation of R.C. 2905.02(A)(2), and one count of domestic violence in violation of R.C. 2919.25(A). Following jury trial in the Ashland County Common Pleas Court, Appellant was acquitted of rape, but convicted of abduction and domestic violence.  The trial court sentenced appellant to 36 months in prison on the abduction conviction and to 36 months in prison on the domestic violence conviction, to be served consecutively to one another for an aggregate prison sentence of 72 months.  In the sentencing entry, the trial court granted Appellant's motion for return of seized property, specifically, his cell phone which had been seized for use as part of the State's prosecution.

{¶3}    This Court affirmed the judgment of conviction and sentence, and the Ohio Supreme Court denied Appellant's appeal.  *State v. Devore,* 5th Dist. Ashland No. 18-COA-011, 2018-Ohio-4189, ¶¶ 40-41, *appeal not allowed,* 154 Ohio St.3d 1502, 2019-Ohio-345, 116 N.E.3d 155, ¶¶ 40-41 (2019), and *appeal not allowed,* 155 Ohio St.3d 1457, 2019-Ohio-1759, 122 N.E.3d 217, ¶¶ 40-41 (2019), *reconsideration denied,* 156 Ohio St.3d 1467, 2019-Ohio-2892, 126 N.E.3d 1177, ¶¶ 40-41 (2019).  Appellant's motion

---

[1] A rendition of the facts is unnecessary to our resolution of the issues raised in this appeal, but can be found in this Court's opinion on direct appeal of Appellant's conviction and sentence. *See State v. Devore,* 5th Dist. Ashland No. 18-COA-011, 2018-Ohio-4189.

to reopen his appeal pursuant to App. R. 26(B) was also denied by this Court on February 6, 2019, and Appellant appealed our decision to the Ohio Supreme Court.

{¶4} On March 14, 2019, Appellant filed a motion for enforcement of his previous order requesting his cell phone be returned to him. At the time, Appellant had an active jurisdictional application to the Ohio Supreme Court on appeal from this Court's denial of his App. R. 26(B) motion, and the State therefore opposed the motion. The trial court denied Appellant's motion for return of his cell phone on May 7, 2019. The Ohio Supreme Court denied his jurisdictional appeal of his reopening on May 15, 2019.

{¶5} It is from the May 7, 2019, judgment denying his motion for return of his cell phone Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEVORE'S "MOTION FOR ENFORCEMENT OF PREVIOUS ORDER, REGARDING RETURN OF SEIZED PROPERTY."

II. THE TRIAL COURT VIOLATED DEVORE'S 14TH AMENDMENT RIGHT TO DUE PROCESS UNDER THE U.S. CONSTITUTION WHEN IT DENIED DEVORE'S "MOTION FOR ENFORCEMENT OF PREVIOUS ORDER, REGARDING RETURN OF SEIZED PROPERTY."

III. THE TRIAL COURT DID NOT HAVE JURISDICTION TO REVERSE A FINAL APPEALABLE ORDER AND THEREFORE SHOULD HAVE GRANTED DEVORE'S "MOTION FOR ENFORCEMENT OF PREVIOUS ORDER, REGARDING RETURN OF SEIZED PROPERTY."

I.

**{¶6}** In his first assignment of error, Appellant argues the court abused its discretion in denying his motion for return of his cell phone.

**{¶7}** R.C. 2981.11 provides:

(A)(1) Any property that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose, and shall be disposed of pursuant to sections 2981.12 and 2981.13 of the Revised Code.

**{¶8}** The State concedes in its brief Appellant has exhausted his appeals process for his convictions, the cell phone is no longer needed by the State as evidence, and the State no longer has a valid purpose in holding the phone:

Defendant-Appellant is now entitled to return of property. The State requests this matter be remanded to the Ashland County Court of Common Pleas for further proceedings consistent with this opinion.

**{¶9}** Brief of Appellee, p. 4.

**{¶10}** Based on the State's concession, the first assignment of error is sustained.

II.

**{¶11}** In his second assignment of error, Appellant argues the court committed a Brady violation with regards to text messages on his cell phone.

**{¶12}** In *Brady v. Maryland*, 373 U.S. 83 (1963), the United States Supreme Court held, "... the suppression by the prosecution of evidence favorable to the accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

**{¶13}** *Brady* thus applies to the conduct of the prosecutor, and not to the trial court as alleged by Appellant. Further, this issue is not properly before this Court, as the judgment appealed from concerns solely the return of seized property.

**{¶14}** The second assignment of error is overruled.

III.

**{¶15}** In his third assignment of error, Appellant argues the trial court erred in reversing its own order regarding return of his cell phone.

**{¶16}** The State argues this assignment of error is rendered moot by its concession of Appellant's first assignment of error. We agree.

**{¶17}** The third assignment of error is overruled as moot based on our disposition of Appellant's first assignment of error.

{¶18} The judgment of the Ashland County Common Pleas Court is reversed and this case is remanded for further proceedings consistent with this opinion.


By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur