[Cite as *State v. Housley*, 2019-Ohio-4181.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-6 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-348 |
| | : | |
| TIMOTHY H. HOUSLEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of October, 2019.

. . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

TIMOTHY H. HOUSLEY, Inmate No. 730-882, Pickaway Correctional Institution, P.O. Box 209, Orient, Ohio 43146
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Upon remand from this court following a previous appeal, the trial court sustained appellant Timothy Housley's motion for the return of a Honeywell safe that was seized in a criminal case. The State of Ohio then filed a motion for reconsideration, which the trial court sustained. Since a motion for reconsideration following a final appealable order is a nullity, any order issued in response to such a motion is likewise a nullity. Thus, the trial court's reconsideration order must be vacated.

**Facts and Procedural History**

{¶ 2} In 2016, Housley pleaded guilty to drug trafficking and drug possession, and he was sentenced to an aggregate five-year prison term. In January 2018, Housley filed a motion seeking the return of property seized by the police as part of that drug case. The motion referred to a cell phone, $3.00 in cash, a Honeywell safe, and a computer. Except with respect to the safe, the trial court overruled Housley's motion as moot, because the property had been forfeited and destroyed pursuant to a December 2017 application filed by the State and granted by the trial court. (The State's application had not listed the safe.) As to the safe, the trial court ruled that it did not have jurisdiction to order its return to Housley.

{¶ 3} Housley appealed the trial court's decision. We determined that Housley's appeal was "moot insofar as it challenge[d] the trial court's judgment denying [his] motion for return of [the] property * * * " that had been destroyed. *State v. Housley*, 2d Dist. Miami No. 2018-CA-4, 2018-Ohio-4140, ¶ 10. But, under the authority of *State v. White*, 2018-Ohio-2573, 115 N.E.3d 878 (2d Dist.), we ruled that the trial court did have "authority to order return of the safe * * *" *Id.* at ¶ 9. The case was remanded to the trial court so

that the issue of the safe could be resolved.

{¶ 4} On remand, the trial court filed an order "that the Honeywell safe be returned to [Housley]." The State thereafter filed a motion requesting that the trial court reconsider its decision regarding the safe. The basis of the motion, supported by the affidavit of Detective Chris Baker of the Troy Police Department, was that the safe had been destroyed based upon a forfeiture order in Housley's co-defendant's case, *State v. Ritchie*, Miami C.P. No. 2016-CR-338. The trial court conducted a hearing on the State's motion and filed an entry sustaining the State's motion for reconsideration, effectively overruling Housley's motion for return of the safe.

**Analysis**

{¶ 5} Housley's sole assignment of error asserts:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE PROSECUTION TO FILE A MOTION FOR RECONSIDERATION CONTRARY TO LAW[.]

{¶ 6} Housley, albeit in the reply brief, states that a motion for reconsideration is a nullity, and, as such, he argues that the trial court's order regarding the return of the safe remains in place.

{¶ 7} A motion for reconsideration filed after a final appealable criminal or civil order has been issued is a nullity, and any order issued in response to such a motion is also a nullity. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981); *Robinson v. Robinson*, 168 Ohio App.3d 476, 2006-Ohio-4282, 860 N.E.2d 1027 (2d Dist.); *State v. Campbell*, 4th Dist. Adams No. 16 CA 1029, 2017-Ohio-4252. On appeal,

an order issued in response to a motion for reconsideration "must be vacated for lack of jurisdiction." *Robinson* at ¶ 17.

{¶ 8} As we noted in our prior opinion, "we question whether the State and the trial court followed the procedure set forth in R.C. Chapter 2981" regarding the forfeiture of property. *Housley*, 2d Dist. Miami No. 2018-CA-4, 2018-Ohio-4140, ¶ 6. But we recognized the trial court's order was a civil forfeiture order and that the order was final and appealable. *Id.* at ¶ 7. The order that the trial court reconsidered was also final and appealable. Given this, we must vacate the trial court's reconsideration order.

{¶ 9} This, of course, acts to reinstate the trial court's order directing the return of the Honeywell safe. We realize this creates a confusing situation because, at least according to the trial court's reconsideration decision, the safe Housley is seeking has either been destroyed or is not in police custody. However, the mechanism, if any, to resolve this confusion is not for this court to decide.

## Conclusion

{¶ 10} For the stated reasons, the trial court's order granting the State's motion to reconsider the court's order to return the safe (and effectively denying Housley's motion for release of property) is vacated.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Paul M. Watkins
Timothy H. Housley
Hon. Jeannine N. Pratt