[Cite as *State v. DeVore*, 2020-Ohio-1131.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 19-COA-035 |
| ADAM M. DEVORE | |
| Defendant-Appellant | O P I N IO N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Ashland County Court of Common Pleas, Case No. 17-CRI-002 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 23, 2020 |
| APPEARANCES: | |


| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| CHRISTOPHER R. TUNNELL<br>Ashland County Prosecuting Attorney | ADAM M. DEVORE<br>State I.D. A704-923<br>Richland Correctional Institute |
| COLE F. OBERLI<br>Assistant Prosecuting Attorney<br>110 Cottage Street<br>Ashland, Ohio 44805 | P.O. Box 8107<br>1001 South Olivesburg Road<br>Mansfield, Ohio 44901 |

*Hoffman, P.J.*

{¶1}   Appellant Adam M. DeVore appeals the judgment entered by the Ashland County Common Pleas Court overruling his motion for new trial.  Appellees is the state of Ohio.

## STATEMENT OF THE CASE[1]

{¶2}   On January 12, 2017, the Ashland County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02(A)(2), one count of abduction in violation of R.C. 2905.02(A)(2), and one count of domestic violence in violation of R.C. 2919.25(A). Following jury trial in the Ashland County Common Pleas Court, Appellant was acquitted of rape, but convicted of abduction and domestic violence. The trial court sentenced appellant to 36 months in prison on the abduction conviction and to 36 months in prison on the domestic violence conviction, to be served consecutively to one another for an aggregate prison sentence of 72 months.  In the sentencing entry, the trial court granted Appellant's motion for return of seized property, specifically, his cell phone which had been seized for use as part of the State's prosecution.  Appellant's motion to reopen his appeal pursuant to App. R. 26(B) was also denied by this Court on February 6, 2019, and Appellant appealed our decision to the Ohio Supreme Court.

{¶3}   On March 14, 2019, Appellant filed a motion for enforcement of his previous order requesting his cell phone be returned to him. At the time, Appellant had an active jurisdictional application to the Ohio Supreme Court on appeal from this Court's denial of his App. R. 26(B) motion, and the State therefore opposed the motion. The trial court

---

[1] A rendition of the facts is unnecessary for our resolution of the issues raised in this appeal, but can be found in this Court's opinion on direct appeal of Appellant's conviction and sentence. *See State v. Devore*, 5th Dist. Ashland No. 18-COA-011, 2018-Ohio-4189.

denied Appellant's motion for return of his cell phone on May 7, 2019. The Ohio Supreme Court denied his jurisdictional appeal of this Court's denial of his request to reopen his direct appeal on May 15, 2019.

{¶4}   Appellant appealed the May 7, 2019, judgment to this Court.  The State conceded because Appellant had exhausted his appeals, the State had no further purpose in holding the cell phone, and asked this Court to remand the case to the trial court.  We remanded this case to the trial court by judgment entered September 30, 2019. *Ohio v. Devore*, 5th Dist. Ashland No. 19-COA-017, 2019-Ohio-4035, ¶ 8, *appeal not allowed*, 158 Ohio St.3d 1409, 2020-Ohio-518, ¶ 8 (2020).

{¶5}   On October 22, 2019, the trial court ordered Appellant's cell phone released.  Appellant filed a motion to vacate the order on October 31, 2019, arguing the order was premature because his motion to reconsider this Court's September 30, 2019, judgment was pending at the time, and further the trial court failed to notify him of where his property is being held and failed to authorize his housemate to take possession of the cell phone.

{¶6}   The trial court overruled the motion to vacate on November 15, 2019, stating in pertinent part:

> The fact that the Defendant failed to request with whom the property was to be released to does not warrant said Judgment Entry to be vacated. The Defendant can make arrangements with the proper law enforcement agency for the release of the property.

**{¶7}** Judgment Entry, November 15, 2019.

**{¶8}** It is from the November 15, 2019, judgment of the trial court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT ERRED WHEN IT FAILED TO VACATE A PREMATURE ORDER THAT IT DID NOT HAVE JURISDICTION TO ENTER, MADE CLEARLY ERRONEOUS FACTUAL FINDINGS, AND HOLDING THAT THE DEFENDANT CAN MAKE ARRANGEMENTS WITH THE PROPER LAW ENFORCEMENT AGENCY FOR THE RELEASE OF PROPERTY WHICH IS CONTRARY TO LAW.

**{¶9}** The State argues the cell phone has been released to Appellant's housemate, attaching receipts to its brief which reflect the release of the cell phone. These receipts are not a part of the record, and therefore cannot be considered by this Court on appeal.

**{¶10}** However, we find when the judge denied Appellant's motion to vacate its prior order on November 15, 2019, the trial court had jurisdiction to order release of the cell phone, as our judgment overruling his motion for reconsideration was filed November 7, 2019.  Appellant has cited no legal authority for the proposition the trial court was required to make logistical arrangements for the return of Appellant's property.

**{¶11}** The assignment of error is overruled.

**{¶12}** The judgment of the Ashland County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur