[Cite as *State v. Devore*, 2020-Ohio-4646.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 19-COA-36 |
| | : | |
| ADAM M. DEVORE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Ashland County Court
of Common Pleas, Case No. 17CRI002

JUDGMENT:        AFFIRMED

DATE OF JUDGMENT ENTRY:        September 29, 2020

APPEARANCES:

For Plaintiff-Appellee:

CHRISTOPHER R. TUNNELL
ASHLAND CO. PROSECUTOR
COLE F. OBERLI
110 Cottage St.
Ashland, OH 44805

For Defendant-Appellant:

ADAM M. DEVORE, PRO SE
Inmate No. A704-923
Richland Correctional Institution
P.O. Box 8107
1001 South Olivesburg Road
Mansfield, OH 44901

*Delaney, P.J.*

{¶1}   Appellant Adam Devore appeals from the December 6, 2019 Judgment Entry of the Ashland County Court of Common Pleas overruling his Motion for Property Room Evidence Logs (sic) Documents.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   A more thorough statement of the facts is unnecessary to resolution of this appeal, but may be found in our opinion on direct appeal of appellant's conviction and sentence. *See State v. Devore,* 5th Dist. Ashland No. 18-COA-011, 2018-Ohio-4189.

{¶3}   On January 12, 2017, the Ashland County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02(A)(2), one count of abduction in violation of R.C. 2905.02(A)(2), and one count of domestic violence in violation of R.C. 2919.25(A). Following jury trial in the Ashland County Common Pleas Court, appellant was acquitted of rape, but convicted of abduction and domestic violence. The trial court sentenced appellant to 36 months in prison on the abduction conviction and to 36 months in prison on the domestic violence conviction, to be served consecutively to one another for an aggregate prison sentence of 72 months.

{¶4}   In the sentencing entry, the trial court granted appellant's motion for return of seized property--specifically, his cell phone--which had been seized for use as part of appellee's prosecution.

{¶5}   This Court affirmed the judgment of conviction and sentence, and the Ohio Supreme Court denied appellant's appeal. *State v. Devore,* 5th Dist. Ashland No. 18-COA-011, 2018-Ohio-4189, *appeal not allowed*, 154 Ohio St.3d 1502, 2019-Ohio-345, 116 N.E.3d 155, and *appeal not allowed*, 155 Ohio St.3d 1457, 2019-Ohio-1759, 122

N.E.3d 217, *reconsideration denied*, 156 Ohio St.3d 1467, 2019-Ohio-2892, 126 N.E.3d 1177. Appellant's motion to reopen his appeal pursuant to App. R. 26(B) was also denied by this Court on February 6, 2019, and appellant appealed our decision to the Ohio Supreme Court.

{¶6} On March 14, 2019, appellant filed a motion for enforcement of his previous order requesting his cell phone be returned to him. At the time, appellant had an active jurisdictional application to the Ohio Supreme Court on appeal from this Court's denial of his App. R. 26(B) motion, and appellee therefore opposed the motion. The trial court denied appellant's motion for return of his cell phone on May 7, 2019. The Ohio Supreme Court denied his jurisdictional appeal of his reopening on May 15, 2019.

{¶7} Appellant appealed the May 7, 2019 judgment denying his motion for return of his cell phone, arguing the trial court abused its discretion in denying his motion for return of his cell phone. Appellee conceded the first assignment of error and requested remand to the trial court for further proceedings. We therefore sustained appellant's first assignment of error and remanded the matter to the trial court. *State v. Devore*, 5th Dist. Ashland No. 19-COA-017, 2019-Ohio-4035, *appeal not allowed,* 158 Ohio St.3d 1409, 2020-Ohio-518, 139 N.E.3d 929.

{¶8} The trial court ordered the phone released on October 22, 2019, and the phone was released on December 9, 2019. On November 15, 2019, appellant filed a "Motion for property room evidence logs documents, from the Ashland Police Department/Police Division Chief" (*sic* throughout). Appellee filed a response in opposition and the trial court overruled the motion on December 6, 2019.

{¶9}　Appellant now appeals from the trial court's Judgment Entry of December 6, 2019.

{¶10} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶11} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEVORE'S MOTION FOR PROPERTY ROOM EVIDENCE LOG DOCUMENTS."

## ANALYSIS

{¶12} In his sole assignment of error, appellant argues the trial court should have granted his motion for "property room evidence log documents." We disagree.

{¶13} In a summary statement of the case and facts devoid of reference to the record, appellant states a forensic examination of his phone was performed on January 11, 2017; he sought to prove or disprove "statements" made by appellee in case number 19-COA-17; and therefore he demanded the records of the "property room evidence logs." Appellant's argument is similarly devoid of references to the appellate record, absent a single reference to his own argument in his reply brief in 19-COA-017. Appellant's pro se brief violates App.R. 16(A) in that it contains no argument supported by legal authority citing to the appellate record.

{¶14} Appellant attempts to mask the dearth of his argument with generic references to the trial court's abuse of discretion in denying his motion, but there is no basis before us to make such a determination.

{¶15} As noted supra in our statement of the case and facts, case number 19-COA-017 is final. The appeal to the Ohio Supreme Court was disallowed; the matter was remanded to the trial court; and appellant's cell phone was returned. Appellant cites zero

authorities supporting his premise that he is entitled to any "property room evidence log documents" which he surmises are in the possession of the Ashland Police Department. Nor can we conceive of any such authority.

{¶16} We discern that appellant attempts renewed discovery maneuvers in the underlying closed and final criminal case. He cites no legal authority for his assumption that he is entitled to any "evidence" remaining in possession of appellee.

{¶17} The sole assignment of error is overruled.

## CONCLUSION

{¶18} Appellant's assignment of error is overruled and the judgment of the Ashland County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Baldwin, J. and

Wise, Earle, J., concur.