[Cite as *State v. Freeman*, 2022-Ohio-2364.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 111209 |
| v. | : | |
| KAYLA L. FREEMAN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** July 7, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-655875

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Paul E. Hanna, Assistant Prosecuting
Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Erika B. Cunliffe, Assistant Public Defender, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Kayla Freeman appeals the trial court's post-dismissal decision denying a motion seeking the return of property seized upon Freeman's arrest for felonious assault. Freeman shot an assailant in the leg with a lawfully possessed and

carried firearm while defending another from an assault. Following the incident, the Cleveland Police Department seized Freeman's firearm used in the defense of another and the state indicted Freeman for two counts of felonious assault referencing the same alleged victim. The state filed a motion to have the criminal proceedings dismissed, but the City of Cleveland Police Department has not returned the property seized for the purposes of prosecuting the now terminated action.

{¶ 2} Following the dismissal, Freeman filed a motion requesting the court order the City of Cleveland Police Department to return her seized property. The state did not object to Freeman's request. *See, e.g., State v. Devore*, 5th Dist. Ashland No. 19-COA-017, 2019-Ohio-4035, ¶ 9-10 (finding reversible error in denying a motion for the return of seized property in light of the state's concession).

{¶ 3} Property "seized pursuant to a search warrant[ ] or otherwise lawfully seized or forfeited and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose, and shall be disposed of" under R.C. 2981.12 (disposal of unclaimed or forfeited property) and R.C. 2981.13 (sale of forfeited property). R.C. 2981.11(A). Under that statutory scheme, a law enforcement agency may only dispose of unclaimed or forfeited property. In pertinent part under R.C. 2981.11(C), before the property can be deemed unclaimed, the law enforcement agency is required to "make a reasonable effort to locate persons entitled to possession of the

property, to notify them of when and where it may be claimed, and to return the property to them *at the earliest possible time*." (Emphasis added.) *Id.* Thus, there is an affirmative duty imposed on the law enforcement agency to ensure that the seized property is returned to the lawful owner without unnecessary delay (especially pertinent in this type of situation since the state has no objection to the property being returned).

{¶ 4} The trial court denied Freeman's motion requesting the return of her property as moot, claiming a lack of jurisdiction to consider the post-dispositive motion. Freeman claims the trial court possessed continuing jurisdiction to order the police department to return the seized property and, therefore, erred by failing to consider the merits of her motion. The state agrees that the trial court's conclusion was in error. Accordingly, the sole question presented for our review is whether the trial court possesses continuing jurisdiction to resolve issues with the retention of seized property following a dismissal of the indictment for which the property was seized.

{¶ 5} The parties' position is not contrary to law: a trial court retains continuing jurisdiction to consider a motion for return of property following the conclusion of a case in which the seizure of the property was required. *B.A.C. v. A.V.*, 8th Dist. Cuyahoga No. 108259, 2019-Ohio-4166, ¶ 3, citing *State v. White*, 2018-Ohio-2573, 115 N.E.3d 878, ¶ 22 (2d Dist.), and *State v. Bolton*, 2017-Ohio-7263, 97 N.E.3d 37 (2d Dist.); *see also State v. Holloway*, 6th Dist. Wood No. WD-20-021, 2021-Ohio-1843, ¶ 21 (compiling cases); *State v. Castagnola*, 9th Dist. Summit Nos.

29141 and 29250, 2020-Ohio-1096, ¶ 16, citing *State v. Housley*, 2d Dist. Miami No. 2018-CA-4, 2018-Ohio-4140, ¶ 9; *State v. Harris*, 10th Dist. Franklin No. 99AP-684, 2000 Ohio App. LEXIS 818, 2000 WL 249161, *2 ("[C]ourts routinely address postconviction motions for the return of property previously seized[, and] [c]ourts have also entertained such motions filed in criminal cases even after the criminal charges have been dismissed.").

{¶ 6} Because the parties agree as to resolution of the assigned error and the disposition of the appeal, we need not further dwell on this discussion. App.R. 16. The trial court possessed jurisdiction to consider Freeman's motion to order the return of the seized property and, therefore, erred by denying the motion as moot based on the perceived lack of jurisdiction. *B.A.C.* at ¶ 3, citing *White* and *Bolton*.

{¶ 7} In light of the foregoing, the decision of the trial court is reversed and this matter remanded for full consideration of Freeman's motion.

{¶ 8} Reversed and remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
EMANUELLA D. GROVES, J., CONCUR