[Cite as *State v. Cassi*, 2025-Ohio-5618.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHN M. CASSI,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 JE 0006

---

Criminal Appeal from the
Jefferson County Court, Area District Two, of Jefferson County, Ohio
Case No. 2025CRB00048

**BEFORE:**
Cheryl L. Waite, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor, for Plaintiff-Appellee.  No Brief Filed.

*Atty. Steven A. Stickles*, for Defendant-Appellant

Dated:  December 17, 2025

**WAITE, J.**

{¶1} Appellant John M. Cassi challenges the trial court's denial of his motion to have his firearms returned after all charges against him were dropped. Appellee has not responded to this appeal. Appellant followed the proper procedure for requesting the return of his seized firearms, and the court did not give a legally sufficient reason to deny his motion. The judgment of the trial court is reversed and the case is remanded so that the trial court may issue an order allowing for return of the seized firearms.

Facts and Procedural History

{¶2} On March 7, 2025 Appellant was charged through a criminal complaint in Jefferson County Court II (Wintersville) with one count of aggravated menacing, R.C. 2903.21, one count of using a weapon while intoxicated, R.C. 2923.15(A), and one count of domestic violence, R.C. 2919.25, all misdemeanors. Appellant was accused of discharging a firearm while arguing with his girlfriend after the police were called to respond to the incident. A temporary protection order was issued. At the time of Appellant's arrest, the police seized a number of firearms. A first pretrial hearing was held on March 17, 2025, but Appellant had been released on bail and did not appear. However, the prosecutor informed the judge that the victim, Appellant's girlfriend, sought to dismiss the charges, and the prosecutor did not oppose dismissal. The victim testified at the hearing. She said that Appellant was a good man, that she was not afraid of him, and that she did not want to press charges. She testified that she and Appellant did have an argument and during the argument he discharged a weapon, but this action was not directed at her. She testified that Appellant was an avid hunter and she did not want him to lose his gun privileges or be prevented from hunting. As the judge was not inclined to

dismiss the charges until after Appellant actually appeared in court, and intended to require Appellant to submit to a drug and alcohol assessment, a second pretrial was scheduled for April 21, 2025.

{¶3}    On April 21, 2025, the court's docket reflects that Appellant appeared with counsel and the charges were dismissed.  The temporary protection order was rescinded.  There is no record of any request on the part of the state for forfeiture of the weapons that had been confiscated.

{¶4}    On April 24, 2025 Appellant filed a motion to release his firearms.  A hearing was scheduled on the motion for May 12, 2025, but did not take place.  On May 15, 2025, the court denied Appellant's motion to return the firearms and ordered that the weapons be destroyed.  The judge made the following note on the judgment entry:  "The court having reviewed the police report and the victim even though dismissing the charge stated that defendant discharged the weapon and threatened to shoot her."  This appeal was filed on May 28, 2025.  The state has not responded to this appeal.

## ASSIGNMENT OF ERROR

THE TRIAL COURT VIOLATED O.R.C. §2981, THE APPELLANT'S FOURTH AMENDMENT RIGHTS AND COMMITTED AN ABUSE OF DISCRETION AND ERRED WHEN IT DENIED THE APPELLANT'S MOTION FOR RELEASE OF HIS FIREARMS WHEN THE CASE HAD ALREADY BEEN DISMISSED.

{¶5}    Appellant argues that he had property taken from him when he was arrested on March 7, 2025.  Appellant contends that the charges against him have been dismissed

and the state no longer has any need to retain his property. Appellant recognizes that R.C. 2981.04 provides a mechanism for determining when property seized as part of criminal proceedings may be forfeited to the state. First, such property may only be forfeited if the person is convicted of a crime or enters intervention in lieu of conviction. R.C. 2981.04(A)(1). Neither of those options occurred in this case. Second, property may only be forfeited if the charging document contains a forfeiture specification, or if the prosecutor gives prompt notice to the defendant that the property will be forfeited. The basis of the forfeiture must also be proven at a postconviction forfeiture hearing. R.C. 2981.04(A)(2), (B). None of this applies, here. Appellant thus contends that the trial court had no legal basis for retaining his seized firearms and ordering their destruction.

{¶6} "[A] criminal defendant seeking the return of property seized by law enforcement can pursue a civil action for replevin or file a motion for the return of property." *Akron v. Stone*, 2025-Ohio-1996, ¶ 28 (9th Dist.). When charges are dismissed and a criminal case has been closed, the court retains continuing jurisdiction to consider a motion to return seized property following the conclusion of the case. *State v. Freeman*, 2022-Ohio-2364, ¶ 5 (8th Dist.). R.C. 2981.11(C) places an affirmative duty on the state to make reasonable efforts to return seized property to the owner after it is no longer needed in the case. *State v. Grace*, 2023-Ohio-165, ¶ 21 (6th Dist.). "Appellant—who has not been convicted of a crime, and against whom no forfeiture proceedings have been initiated—should not have to participate in a game of three-card monte to recover his property once it is no longer needed by appellee." *Id.* at ¶ 26.

{¶7} Forfeiture of property in criminal cases is not favored in Ohio. *State v. Lilliock*, 70 Ohio St.2d 23, 25 (1982); *State v. Clark*, 2007-Ohio-6235, ¶ 8 (3d Dist.).

"Whenever possible, such statutes must be construed as to avoid a forfeiture of property." *Lilliock* at 26. An order requiring property to be destroyed is equivalent to an order declaring the property to be forfeited to the state. *State v. Brimacombe*, 2011-Ohio-5032, ¶ 66 (6th Dist.).

{¶8} To put it as succinctly as possible: "If there are no other active cases or orders precluding Respondent's possession of the seized firearm, it must be promptly returned to him." *B.A.C. v. A.V.*, 2019-Ohio-4166, ¶ 4 (8th Dist.).

{¶9} In the instant case, Appellant has not been convicted of any crime, nor has he been ordered into any program in lieu of conviction. Although he was charged with crimes, they were all dismissed. The victim did not desire to see Appellant prosecuted, nor did she seek to have his weapons taken away. The state did not oppose dismissal of the charges, and the state did not ask for forfeiture of Appellant's weapons. There is nothing in the record indicating that Appellant is precluded from possessing, owning, or using the firearms that were seized. The trial court, sua sponte, ordered that the weapons must be destroyed. However, based on this record, Appellant followed the appropriate procedure for seeking the return of his property, and the trial court erred by failing to grant the request absent any apparent legal reason in support of this decision.

{¶10} This case is similar to the situation in *B.A.C.*, where the trial court was reluctant to return a firearm to the defendant after a protection order had expired. Regardless, the appellate court concluded that:

> In the absence of a legal basis for the court to deny Respondent access to
> his firearm stemming from the underlying case, especially in consideration
> of the fact that the protection order that initially justified the seizure of the

firearm expired several years ago, the Respondent's motion for the return of his property should have been granted.

*B.A.C.* at ¶ 3.

**{¶11}** Appellant's assignment of error has merit, and the judgment of the trial court is reversed and the matter remanded to the trial court to issue an order for release of Appellant's property.

Conclusion

**{¶12}** The trial court denied Appellant's motion to have his firearms returned to him after his misdemeanor criminal charges were dismissed.  Appellant appealed, and the state has not responded to the appeal.  The state did not seek forfeiture of the weapons as part of the charges or during the criminal proceedings.  The record contains no basis for refusing to allow the return of Appellant's property.  The judgment of the trial court is hereby reversed, and the matter is remanded for the court to issue an order allowing the seized items to be returned.

Hanni, J. concurs.

Dickey, J. concurs.

---

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Jefferson County Court, Area District Two, of Jefferson County, Ohio, is reversed. This matter is remanded to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**