The STATE ex rel. JIVIDEN

v.

TOLEDO POLICE DEPARTMENT.

[Cite as *State ex rel. Jividen v. Toledo Police Dept.* (1996), 112 Ohio App.3d 458.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–138.

Decided July 8, 1996.

*Michael Jividen, pro se.*

*Edward M. Yosses,* Acting Law Director, and *Robert L. Clark, Jr.,* for respondent.

---

*Per Curiam.*

On May 2, 1996, relator, Michael Jividen, filed a complaint for writ of mandamus in which he requested that this court compel respondent, Toledo Police Department, to release to his mother certain items of personal property which he claims have been in respondent's possession for the past six years. Respondent has answered, asserting various defenses, and requested that the complaint be dismissed. Relator filed a response in opposition to respondent's motion to dismiss.

For a writ of mandamus to be issued, the relator must demonstrate that he has a clear legal right to the relief prayed for, that respondents are under a clear duty to perform the act, and that the relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Donaldson v. Alfred* (1993), 66 Ohio St.3d 327, 329, 612 N.E.2d 717, 719–720.

The proper action to reclaim possession of property based on unlawful seizure or detention is an action for replevin. See R.C. 2737.01 *et seq.; Spurlock v. Thomas* (Dec. 2, 1992), Lorain App. No. 92CA005341, unreported, 1992 WL 368915; *State v. Young* (May 3, 1991), Richland App. No. CA–2810, unreported, 1991 WL 87203. A writ of replevin enforces a legal right of immediate possession of specific property, which is granted to one who has a right to that immediate possession against another who is holding the property wrongfully or unlawfully. *Auto. Fin. Co. v. Munday* (1940), 137 Ohio St. 504, 521, 19 O.O. 176, 183–184, 30 N.E.2d 1002, 1010. See, also, *e.g.,* 19 Ohio Jurisprudence 3d (1980), Conversion and Replevin, Section 138; *Fleitz v. Toledo* (May 1, 1987), Lucas App. No. L–86–179, unreported, 1987 WL 10634.

In this case, relator argues that respondent was required to return his personal property, which was seized at the time of his arrest. Although relator may have a right to the return of his property, the proper action for seeking the return is not by mandamus but rather by an action for replevin. Therefore, since respondent has an adequate remedy at law, he has not established the requirements for relief pursuant to an action for mandamus.

Accordingly, relator's complaint for a writ of mandamus is found not well taken and is dismissed. Court costs of this action are assessed to relator.

*Cause dismissed.*

MELVIN L. RESNICK, P.J., ABOOD and SHERCK, JJ., concur.