OPINION
{¶ 1} Defendant-appellant, Dana Goins, acting pro se, appeals the decision of the Butler County Court of Common Pleas to deny his action in replevin for $1,900 in cash.
 {¶ 2} During the pendency of criminal charges against him in 1999, appellant filed a motion for return of property, seeking $1,900 in cash seized by law enforcement authorities. The trial court subsequently denied appellant's motion to return the $1,900 by judgment entry filed March 31, 2000. In that entry, the trial court ordered the $1,900 be turned over to the adult probation department for application toward the costs and fines levied against appellant. The record does not indicate that appellant ever appealed that order.
 {¶ 3} In 2002, appellant did appeal the trial court's decision to deny a motion filed by appellant to vacate his costs and fines. In State v.Goins, this court dismissed appellant's appeal by entry dated August 6, 2002, stating, "* * * the only possible focus of the within appeal is whether the trial court properly ordered that the $1,900 be applied toward payment of fines and costs on March 31, 2000. App.R. 4 provides that a notice of appeal shall be filed within 30 days of the entry of the judgment sought to be appealed. Accordingly, any appeal from the trial court's March 31, 2000 decision regarding application of the $1,900 should have been filed on or before April 30, 2000."[1] Goins, Butler App. No. CA2002-06-158.
 {¶ 4} Appellant filed this instant action for replevin for the same $1,900 in cash in 2003 under his common pleas court criminal case, but filed the motion in Fairfield Municipal Court. The matter was forwarded to the common pleas trial court that had handled appellant's criminal case which denied the motion. Appellant appeals the denial of his motion.
 {¶ 5} Appellant provided no assignments of error, but we will interpret two of appellant's five enumerated issues as assignments of error contesting the denial of his replevin action. Therefore, our ruling on appellant's third and fourth issues for review is determinative of this appeal.
 {¶ 6} Appellant argues under his third and fourth issues for review that it was error when the trial court did not return the $1,900 to him and when the trial court ordered the money applied toward the payment of fines and court costs.
 {¶ 7} We reject appellant's two arguments because a judgment dealing with the disposition of the $1,900 was made in March 2000. That judgment was not timely appealed by appellant, and, therefore, that matter is res judicata. Under the doctrine of res judicata, a "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." See Hughes v. Calabrese, 95 Ohio St.3d 334,2002-Ohio-2217, at ¶ 12. "Res judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit." Id. See, also, Johnson v. City of Cleveland (Jan. 14, 1988), Cuyahoga App. No. 53241.
 {¶ 8} We further reject, as being without merit, appellant's additional arguments as follows: It was not error for the common pleas court to address his replevin action because appellant filed his motion under his common pleas court criminal case. Further, appellant did not provide supporting legal authority for his claim that a trial court errs by not citing case law or statutory authority in a decision, absent the obligation to do so. See App.R. 12(A)(2). Finally, despite appellant's argument that the entry he received was not signed, the original judgment entry is valid as it does contain the signature of the trial judge.
 {¶ 9} Having found no merit to appellant's argument, we over-rule the two assignments of error outlined above.
 {¶ 10} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.
[1] We also note that appellant has raised the issue of the failure to return the seized money in at least one other unsuccessful postconviction motion for relief.