HALL, P.J., dissenting:
 

 {¶ 20} Bolton's non-firearm weapons were removed from his residence under a search warrant. He was convicted of the fifth-degree felony of inducing panic. The State did not pursue either a criminal or civil forfeiture. More than a year after disposition of the criminal case, he filed a motion for return of his property.
 

 {¶ 21} The time for criminal forfeiture expired long ago. Criminal forfeiture is initiated by including a forfeiture specification in the charging instrument, R.C. 2981.04(A)(1), or if forfeiture is not reasonably foreseen at that time, by giving prompt notice to the offender that the property is subject to forfeiture, R.C. 2981.04(A)(2). Neither was done in this case.
 

 {¶ 22} The forfeiture statute provides Bolton no avenue for relief through civil forfeiture either. A civil forfeiture action "may" be commenced by a prosecutor by filing a complaint for civil forfeiture. R.C. 2981.05(A). I can find no statutory authority for a "reverse" forfeiture-a forfeiture initiated by a defendant-except perhaps R.C. 2981.03(A)(4), which provides that "[a] person aggrieved by an alleged unlawful seizure of property may seek relief from the seizure by filing a motion in the appropriate court that shows the person's interest in the property, states why the seizure was unlawful, and requests the property's return." But that section does not apply here. R.C. 2981.03(A)(4) further provides that at a hearing on the motion, "the person shall demonstrate by a preponderance of the evidence that the seizure was unlawful and that the person is entitled to the property."
 
 [4]
 
 Here, there is no allegation or indication that the search-warrant supported seizure of Bolton's property was unlawful. Indeed, Bolton contests the State's retention of the property, not the property's seizure.
 

 {¶ 23} In my opinion, the proper procedure to recover the property is an action of replevin. The Fifth District held in
 
 State v. Young,
 
 5th Dist. Richland No. CA-2810,
 
 1991 WL 87203
 
 (May 3, 1991), that after judgment in a criminal case, a trial court does not have jurisdiction to hear a motion for the return of seized property. Rather, the proper remedy, said the
 
 Young
 
 court, is an action of replevin. Similarly, the Sixth District in
 
 State ex rel. Jividen v. Toledo Police Dept.
 
 ,
 
 112 Ohio App.3d 458
 
 ,
 
 679 N.E.2d 34
 
 (6th Dist. 1996), held that the proper remedy for the return of property seized at the time of the defendant's arrest was not mandamus but a replevin action. Finally, the forfeiture statute itself suggests that an action for return of property is the appropriate remedy. R.C. 2981.05(C) (now at (G)) provides that "[i]f a timely petition for pretrial hardship release is not filed, or if a petition is filed but not granted, the person [with an interest in the property]
 
 may file a claim for the release of the property under the Rules of Civil Procedure.
 
 " (Emphasis added.). I believe that this section contemplates a counterclaim to a civil forfeiture action, if the State has filed a forfeiture complaint, or an independent civil action of replevin, if the State has not pursued forfeiture.
 

 {¶ 24} In the context of a criminal case, it would seem more efficient to allow the owner of seized property simply to apply for the property's return to the court that exercised control over the criminal action. But that's not what the forfeiture statute
 allows. Perhaps the legislature should amend it.
 

 {¶ 25} Because I believe that the proper remedy for Bolton to seek return of his property is a replevin action, under Chapter 2737 of the Revised Code, I would affirm the decision of the trial court and therefore dissent.
 

 See
 
 footnote 1,
 
 supra
 
 .