[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnson v. Kral,* Slip Opinion No. 2018-Ohio-2382.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2382

[THE STATE EX REL.] JOHNSON, APPELLANT, *v.* KRAL, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnson v. Kral,* Slip Opinion No. 2018-Ohio-2382.]

*Mandamus—Appellant has adequate remedies in ordinary course of law—Court of appeals' dismissal of complaint affirmed.*

(No. 2017-0969—Submitted December 5, 2017—Decided June 21, 2018.)

APPEAL from the Court of Appeals for Lucas County, No. L-17-1144.

_____

**Per Curiam.**

{¶ 1} Appellant, Tyrone R. Johnson, appeals the decision of the Sixth District Court of Appeals dismissing the complaint for a writ of mandamus that he filed against appellee, George Kral, Chief of Police of the Toledo police department. We affirm the judgment of the court of appeals.

{¶ 2} In his complaint, Johnson alleged that on August 25, 2000, Lucas County Court of Common Pleas Judge Charles Wittenberg granted a motion for the

return from the Toledo police department of property to him in the amount of $324. Rather than comply with the order, the police department allegedly deposited the money "into the Lucas County Treasury." Johnson requested a writ of mandamus compelling Chief Kral and the police department to return the $324 and to award him compensatory and punitive damages.

**{¶ 3}** On June 27, 2017, the court of appeals dismissed the complaint sua sponte.

**{¶ 4}** A writ of mandamus will not issue if the relator has a plain and adequate remedy in the ordinary course of the law. *State ex rel. Blandin v. Beck*, 114 Ohio St.3d 455, 2007-Ohio-4562, 872 N.E.2d 1232, ¶ 18. Based on the allegations in the complaint, Johnson has two separate remedies that preclude the issuance of a writ of mandamus.

**{¶ 5}** Johnson alleged that the police department has not complied with a trial-court order directing a return of the property. If that allegation is true, then a motion for contempt for the failure to abide by a court order is an adequate remedy in the ordinary course of the law. *State ex rel. Weaver v. Adult Parole Auth.*, 116 Ohio St.3d 340, 2007-Ohio-6435, 879 N.E.2d 191, ¶ 6. In addition, he has an adequate remedy by filing an action for replevin. *Blandin* at ¶ 18; *State ex rel. Harris v. Toledo*, 74 Ohio St.3d 36, 38, 656 N.E.2d 334 (1995). "The proper action to reclaim possession of property based on unlawful seizure or detention is an action for replevin." *State ex rel. Jividen v. Toledo Police Dept.*, 112 Ohio App.3d 458, 459, 679 N.E.2d 34 (6th Dist.1996). Dismissal of the complaint was therefore proper, because Johnson failed to state a claim in mandamus.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

DEGENARO, J., not participating.

_____

Tyrone R. Johnson, pro se.

Adam W. Loukx, Toledo Director of Law, and Jeffrey B. Charles, Assistant Director of Law, for appellee.

_____