[Cite as *State v. Castagnola*, 2020-Ohio-1096.]

STATE OF OHIO    )
    )ss:
COUNTY OF SUMMIT    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO

    Appellee

v.

NICHOLAS J. CASTAGNOLA

    Appellant

C.A. Nos.    29141
              29250

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 10 07 1951(B)

DECISION AND JOURNAL ENTRY

Dated: March 25, 2020

---

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, Nicholas Castagnola, appeals the July 20, 2018 journal entry of the Summit County Court of Common Pleas denying his motion for return of all seized property in Case No. CA-29141. Mr. Castagnola separately appeals from his November 30, 2016 conviction for retaliation in Case No. CA-29250. We consolidated the appeals for purpose of this opinion. For the reasons that follow, this Court reverses the denial of Mr. Castagnola's motion for the return of property and affirms his conviction.

I.

**{¶2}** The meandering history of this case stretches back to Mr. Castagnola's indictments in two separate cases. In the underlying case, Case No. CR-2010-07-1951(B) (the "retaliation case"), Mr. Castagnola was indicted on six counts: criminal damaging, vandalism, possession of criminal tools, and two counts of retaliation. A forfeiture specification was attached to each count.

Mr. Castagnola was also indicted in a separate case, Case. No. CR-2010-08-2244 (the "pandering case"), on ten counts of pandering sexually oriented material involving a minor.

{¶3} In a prior appeal, we summarized the procedural history of both the retaliation case and the pandering case:

> Mr. Castagnola filed a motion to suppress in both cases, challenging the warrant the police relied upon to seize the computer from his home. The trial court held a suppression hearing and ultimately denied the motion. Subsequently, a jury trial took place in the retaliation case. The jury found Mr. Castagnola guilty on all counts, but did not find that his property was subject to forfeiture. The pandering case then was tried to the bench, and the judge found Mr. Castagnola guilty on all counts. The court sentenced Mr. Castagnola in each case and ordered the sentences to run consecutively to one another for a total term of 30 months in prison.

*State v. Castagnola*, 9th Dist. Summit Nos. 26185 and 26186, 2013-Ohio-1215, ¶ 5 (*Castagnola I*). In *Castagnola I*, this Court affirmed the denial of Mr. Castagnola's motion to suppress, affirmed his convictions in the pandering case, and remanded the retaliation case for the trial court to conduct a merger analysis regarding certain offenses. *Id*. at ¶ 19, 29, 33, 25.

{¶4} Mr. Castagnola appealed the decision in *Castagnola I* to the Supreme Court of Ohio. The Supreme Court reversed this Court's decision, holding "that the search warrant at issue in this case was invalid and that the evidence obtained in executing the warrant must be suppressed." *State v. Castagnola*, 145 Ohio St.3d 1, 2015-Ohio-1565, ¶ 1.

{¶5} This Court summarized the proceedings following remand in a subsequent appeal:

> Upon remand to the trial court, the convictions in the pandering case were vacated and that case was dismissed. Similarly, the convictions in the retaliation case were also vacated. A year later, Mr. Castagnola pled guilty to one count of retaliation while the remaining charges in the retaliation case, including the forfeiture specifications, were dismissed.

> On September 30, 2016, Mr. Castagnola filed an application to reopen his appeal of the retaliation case. This Court denied the motion to reopen the appeal as well as the subsequent motion for reconsideration, motion to certify a conflict, motion for en banc consideration, and motion for an evidentiary hearing. On February 6,

2017, Mr. Castagnola filed an appeal to the Ohio Supreme Court, which declined jurisdiction on April 19, 2017.

On December 8, 2016, Mr. Castagnola filed a pro se motion for return of seized property which listed the case numbers for both the pandering case and the retaliation case in the caption. A week earlier, on November 30, 2016, Mr. Castagnola's counsel filed a motion to seal in the pandering case. The trial court set the motion to seal the pandering case for a hearing. However, the trial court did not schedule a hearing on the pro se motion for return of seized property in either case.

On March 22, 2017, the trial court convened the sealing hearing in the pandering case. After hearing arguments from counsel for both sides, the sealing hearing was continued for additional briefing. The trial court then said, "I want to now address this motion for the seized property. That motion was filed on December 8th pro se. Attorney James, are you going to speak on that motion on behalf of your client?"

Despite the court's recognition that the motion was pro se and counsel's subsequent acknowledgement that he did not represent Mr. Castagnola on the motion for return of seized property in either case, counsel proceeded to address the motion without objection from Mr. Castagnola. The trial court determined that it was "divested of the ability to consider these matters" because of the appeal pending in the Ohio Supreme Court.

On March 28, 2017, the trial court filed a journal entry in the pandering case which 1) denied the motion for return of seized property, and 2) continued the hearing on the motion to seal and set a schedule for further briefing on that motion. On May 12, 2017, the trial court filed a journal entry in the retaliation case, calling it a nunc pro tunc order to correct the entry filed on March 28, 2017. The nunc pro tunc journal entry deleted the reference to the sealing motion and denied the motion for return of seized property. On June 13, 2017, the trial court filed a journal entry in the retaliation case denying the motion for return of seized property. Mr. Castagnola timely filed separate appeals from each of these journal entries.

On June 6, 2017, Mr. Castagnola filed a pro se renewed motion for return of seized property in the retaliation case only. The trial court [had] not rule[d] on this motion and it remain[ed] pending.

*State v. Castagnola*, 9th Dist. Summit Nos. 28621, 28672, and 28702, 2018-Ohio-1604, ¶ 4-10 (*Castagnola II*).

{¶6} In *Castagnola II*, Mr. Castagnola raised two assignments of error challenging the trial court's denial of his motion for return of seized property, and argued that the trial court denied

him an opportunity to speak regarding his motion at a hearing and/or the trial court's summary denial of his motion without hearing. Regarding the pandering case, this Court held that Mr. Castagnola was represented by counsel when he filed his pro se motion for return of seized property; therefore it "was not properly before the trial court * * * [and] * * * the trial court should not have considered the pro se motion, nor was it required to conduct a hearing or hear directly from Mr. Castagnola." *Id.*, at ¶ 19. Therefore, we affirmed the March 28, 2017 entry in the pandering case. *Id.* at ¶ 34.

{¶7} As to the retaliation case, this Court determined that Mr. Castagnola's pro se motion for return of seized property was properly before the trial court for consideration. *Id.* at ¶ 21. The trial court had "entered two journal entries, May 12, 2017 and June 13, 2017, denying the motion for return of seized property in the retaliation case" and Mr. Castagnola separately appealed both journal entries. *Id.* We vacated the May 12, 2017 nunc pro tunc journal entry, concluding it was invalid because there was no existing order in the retaliation case to correct. *Id.* at ¶ 23-24. Upon consideration of the circumstances surrounding the June 13, 2017 journal entry, we concluded the trial court was divested of jurisdiction from entering the denial of his motion for the return of seized property because Mr. Castagnola had filed an appeal to this Court one day prior. *Id.* at ¶ 29-30. Accordingly, we held that the June 13, 2017 journal entry was a nullity and vacated the entry. *Id.* at ¶ 30. Further, we held that the trial court had ruled on only the original December 8, 2016 motion, not the June 6, 2017 renewed motion; therefore, there was no final appealable order for this Court to consider. *Id.* at ¶ 33-34. Consequently, this Court vacated both the May 12, 2017, and June 13, 2017 judgment entries in the retaliation case. *Id.* at ¶ 35.

{¶8} Following this Court's decision in *Castagnola II*, the trial court set a hearing in the retaliation case for the December 8, 2016 original motion and the June 6, 2017 renewed motion

for return of seized property for May 30, 2018. Notice of the hearing was issued to the State as well as Attorney Jeffrey James as counsel for Mr. Castagnola[1]. Mr. Castagnola appeared at the May 30, 2018 hearing with counsel. Following the hearing, the trial court issued an order questioning its jurisdiction to consider Mr. Castagnola's motions and setting a deadline for the parties to submit briefs on the issue of jurisdiction. The State filed a brief on the issue of jurisdiction on June 20, 2018. Mr. Castagnola's brief regarding jurisdiction was submitted on June 28, 2018.

{¶9} On July 20, 2018, the trial court issued its ruling holding as follows:

> Once a common pleas court has imposed a sentence in a criminal case, that court no longer has jurisdiction to issue orders in the case unless the issuance of such orders is authorized by the Ohio Revised Code. In the case of property seized pursuant to a search warrant, the proper remedy is for the person who believes that such property was either wrongfully seized or is being wrongfully held is to file a petition for a writ of replevin.

Having determined that its jurisdiction was "uncertain," the trial court denied Mr. Castagnola's motion. On August 15, 2018, Mr. Castagnola filed his notice of appeal from the trial court's July 20, 2018 journal entry. This Court dismissed Case No. CA-29141 on September 11, 2018, based on Mr. Castagnola's failure to perfect the appeal. However, on October 15, 2018, we granted Mr. Castagnola's motion for reconsideration and reinstated the appeal. In CA-29141 Mr. Castagnola raised a single assignment of error for our review.

{¶10} As noted above, upon remand from the Supreme Court, Mr. Castagnola pled guilty to one count of retaliation while the remaining charges in the retaliation case, including the forfeiture specifications, were dismissed. The trial court accepted Mr. Castagnola's change of plea, found him guilty, and sentenced him on September 26, 2016. His conviction was journalized

---

[1] The record reflects that Mr. James filed a notice of appearance on November 21, 2016.

on September 30, 2016. Just over two years later, on November 30, 2018, Mr. Castagnola filed his notice of appeal in Case No. CA-29250, appealing his September 30, 2016 conviction. Contemporaneously, Mr. Castagnola filed a motion for leave to appeal with an affidavit setting forth the reasons for his failure to perfect a timely appeal. Mr. Castagnola averred that he was unaware he needed to appeal his conviction until the trial court denied his motion to return property—precisely the ruling he is presently challenging in CA-29141—and he realized that the trial court and the State had "tricked" him into pleading guilty which amounted to a "de facto" forfeiture of his property. The State opposed the motion for a delayed appeal, arguing that Mr. Castagnola failed to show good cause as to why leave should be granted and pointing to the fact that Mr. Castagnola was also appealing the denial of his motion to return property. However, on December 20, 2018, this Court granted leave for Mr. Castagnola to file a delayed appeal. In CA-29250, Mr. Castagnola raises two assignments of error for our review.

II.

**Assignment of Error [CA-29141]**

**The trial court erred to the prejudice of Mr. Castagnola when it failed to grant his motion to return his property that was either never indicted in a forfeiture specification or that was subject to forfeiture specifications of which he was either acquitted or that were dismissed as part of a plea deal, in derogation of Ohio's forfeiture statutes as well as the Due Process and Just Compensation Clauses of the Fifth Amendment to the United States Constitution.**

{¶11} In his merit brief, Mr. Castagnola asserted that the trial court erred in its conclusion that it lacked jurisdiction to return property after his guilty plea and conviction. Mr. Castagnola presents an array of arguments, many of which are not apparently relevant to the assigned error, and much of his factual assertions are not supported with citations to the record. *See* App.R. 16(A)(6),(7). In terms of property, Mr. Castagnola focuses primarily on his vehicle, which the jury in the trial of the retaliation case found was not subject to forfeiture and the forfeiture

specifications were eventually dismissed. He also refers to a cell phone, computers and related accessories, and other unspecified property seized from his house. He asserts that some of these items were used, or held for use, in the pandering and/or retaliation cases. Mr. Castagnola also asserts that a portion of the property was suppressed as evidence and should have been returned, save for the evidence of illegal pornography on one computer. Mr. Castagnola also notes that it was reasonable for State to retain "*some of his property*" pending the conclusion of all appeals. However, Mr. Castagnola's claim that the pandering and retaliation cases have "been completely settled for more than two years[,]" is contradicted by the numerous motions he has filed regarding his conviction in the retaliation case seeking reconsideration or the reopening of *Castagnola I* and the presently pending delayed direct appeal of his conviction and guilty plea in the retaliation case. Additionally, Mr. Castagnola acknowledges in his merit brief "that the State does not have all of this property in its possession anymore * * *" and discusses storage fees and compensation. Nevertheless, his contention that the trial court erred by concluding that it lacked jurisdiction to consider his motion to return seized property is sufficiently clear from his brief to permit our review of that limited issue.

{¶12} The trial court denied Mr. Castagnola's motion and concluded it no longer had jurisdiction to issue orders in the case after it imposed a sentence. However, rather than support this conclusion, the journal entry evinces the trial court's uncertainty as whether it actually lacked jurisdiction. The trial court expressed that, while it believed its authority "to order the return of the seized property in the context of a completed criminal case is uncertain, it is certain that Mr. Castagnola could file an action for a writ of replevin." Consequently, the trial court concluded "the more judicially prudent course of action is to decline to exercise jurisdiction perceived as uncertain" and to deny the motion for return of property.

{¶13} In its decision, the trial court referenced *State v. Young*, 5th Dist. Richland No. CA-2810, 1991 WL 87203 (May 3, 1991), as authority supporting the conclusion that a replevin action is the proper remedy for the return of seized property. In *Young*, the Fifth District held that a motion to return property was not properly before the trial court in the criminal matter because it "no longer had jurisdiction to hear [the] motion" after the conviction was entered and the time for appeal[2] lapsed. *Id.* at *1. Irrespective of its holding in *Young*, the Fifth District later held in that the trial court erred when it denied a postconviction request for the return of property—filed nearly a year after the defendant's conviction—and ordered the property returned to a defendant. *State v. Haymond*, 5th Dist. Stark No. 2009-CA-00078, 2009-Ohio-6817, ¶ 3-5, 36.

{¶14} The trial court also cites to *State ex rel. Jividen v. Toledo Police Dept.*, 112 Ohio App.3d 458, (6th Dist.1996). In *Jividen*, the Sixth District held that "the proper action for seeking the return [of property] is not by mandamus but rather by an action for replevin." *Id*. at 459. *Jividen*, however, involved a mandamus action, not a postconviction motion for the return of seized property. It is, therefore, inapposite upon the facts of the present matter.

{¶15} Certainly, a civil action for replevin is an appropriate means to seek the return of property wrongly withheld by the State. *See State ex rel. Johnson v. Kral*, 153 Ohio St.3d 231, 2018-Ohio-2382 ¶ 5; *see also Hicks v. Barberton Police*, 9th Dist. Summit No. 23976, 2008-Ohio-2958, ¶ 4 ("Replevin may provide a remedy when property has been seized by law enforcement officers and retained after the conclusion of criminal proceedings."). Replevin, however, is not the *exclusive* method for seeking the return of seized property. *State v. White*, 2d Dist. No. 2017-CA-28, 2018-Ohio-2573, ¶ 21.

---

[2] We note a factual distinction in this matter: Mr. Castagnola is presently pursuing a delayed direct appeal of his conviction.

{¶16} A trial court has authority to order the return of property which is no longer needed in a completed criminal case and which is not the subject of forfeiture proceedings. *State v. Housley*, 2d Dist. Miami No. 2018-CA-4, 2018-Ohio-4140, ¶ 9. A motion for the return of property is a viable means to seek the return of property after conviction and after a defendant has served a sentence. *White* at ¶ 22, citing *State v. Bolton*, 2d Dist. No. 27154, 2017-Ohio-7263. In fact, "courts routinely address postconviction motions for the return of property previously seized[,] and [c]ourts have also entertained such motions filed in criminal cases even after the criminal charges have been dismissed." *State v. Harris*, 10th Dist. Franklin No. 99AP-684, 2000 WL 249161, *2 (compiling cases containing examples of courts entertaining such motions).

{¶17} Based on the foregoing, we find that a motion for the return of seized property may be a viable means to request the return of property even after conviction. Therefore, the trial court erred when it denied Mr. Castagnola's motion for the return of seized property based on its presumed lack of jurisdiction to consider the motion. Accordingly, we reverse the trial court's July 20, 2018 decision denying Mr. Castagnola's motion for the return of seized property and remand for the trial court to consider Mr. Castagnola's requests for the return of property and to determine whether, upon the specific facts and circumstances of this case, the requested relief is appropriate and within the trial court's authority to order.

{¶18} Mr. Castagnola's assignment of error is sustained.

### Assignment of Error I [CA-29250]

**Mr. Castagnola's plea of guilty was not knowing, intelligent, and voluntary insofar as there were errors in both the plea colloquy and the plea deal, including, but not limited to, dismissing acquitted forfeiture specifications and then failing to inform him of its illegality or that it would not return any of his property, whether any such property was included in a forfeiture specification or not, thereby creating, inter alia, a de facto penalty, in violation of Crim.R. 11.**

{¶19} In his next assignment of error, Mr. Castagnola argues that his guilty plea "was not knowing, intelligent, and voluntary * * *" based on alleged errors in the plea colloquy and the plea deal. As discussed herein, we conclude that Mr. Castagnola's argument lacks merit.

{¶20} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). The trial court must engage a defendant in a colloquy as described in Crim.R. 11(C), and "the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 26. Specifically, Crim.R. 11(C)(2), provides that a court

> shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Further, in the case of a negotiated guilty plea, Crim.R. 11(F) provides "the underlying agreement upon which the plea is based shall be stated on the record in open court." We apply a de novo standard of review to determine whether a trial court complied with Crim.R. 11(C). *State v. Owens*, 9th Dist. Summit No. 25174, 2010-Ohio-4635, ¶ 7.

{¶21} In his merit brief, Mr. Castagnola first takes issue with the fact that the State, his counsel, and the trial court sought to indicate on the record that all forfeiture specifications listed in the indictment were dismissed. However, Mr. Castagnola, has failed to develop any rational argument to explain how this affected the knowing, intelligent, and voluntary nature of his plea. *See* App.R. 16(A)(7). Mr. Castagnola also raises a number of arguments regarding his dissatisfaction with events that occurred subsequent to his conviction. Mr. Castagnola contends the trial court failed to inform him that his guilty plea would result in a "de facto forfeiture" of his property. As to that point, Mr. Castagnola has not identified any information the trial court was required, but failed to convey, prior to accepting his guilty plea, nor has he identified any facts in the record to support his contention that his guilty plea actually resulted in a "de facto forfeiture" or a "conversion" of his property. *See* App.R. 16(A)(7).

{¶22} Mr. Castagnola has failed to advance any argument to support his contention that his guilty plea was not entered knowingly, intelligently, or voluntarily. Mr. Castagnola has not alleged any error relevant to the plea colloquy nor has he identified any failure of the trial court to comply with the requirements of Crim.R. 11. Based on our review of the record, we conclude that the trial court complied with the requirements for accepting a guilty plea and convicting him on one count of retaliation. Because Mr. Castagnola has failed to demonstrate that his guilty plea was not entered knowingly, intelligently, or voluntarily, his assignment of error is overruled.

## Assignment of Error II [CA-29250]

**Mr. Castagnola received ineffective assistance of counsel when, inter alia, prior to pleading guilty, his trial counsel failed to notice that it was impossible for him to have been convicted of any felony count based on the record, the evidence, and the State's theory of the case.**

{¶23} Mr. Castagnola argues that trial "counsel was ineffective for not realizing that Mr. Castagnola could not be convicted of a felony offense at his retrial in this matter." Where a

defendant pleads guilty, as Mr. Castagnola did here, he "waives the right to appeal issues of ineffective assistance of counsel, unless the ineffective assistance of counsel caused the guilty plea to be involuntary." *State v. Carroll*, 9th Dist. Lorain No. 06CA009037, 2007-Ohio-3298, ¶ 5, citing *State v. Barnett*, 73 Ohio App.3d 244, 248 (2d Dist.1991); *State v. Dallas*, 9th Dist. Wayne No. 06CA0033, 2007-Ohio-1214, at ¶ 4.

{¶24} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. To establish ineffective assistance of counsel one must satisfy the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of a guilty plea, "First, the defendant must show that counsel's performance was deficient[,]" and "[s]econd, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *." (Internal citations and quotations omitted.) *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), *quoting Strickland* at 687, and *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To demonstrate deficient performance, a defendant must show that the representation fell below an objective standard of reasonableness. *Strickland* at 687-688.

{¶25} The theory Mr. Castagnola presents in support of his argument is premised upon his unsubstantiated contention that his appellate counsel in *Castagnola I* was ineffective, and that Mr. Castagnola "should have been acquitted of all four felony counts at his first trial" in the retaliation case in 2011. Mr. Castagnola speculates that such "ineffectiveness" led trial counsel to advise Mr. Castagnola "to plead guilty despite the fact that it was impossible for Mr. Castagnola to be convicted of a felony at a second trial * * *." Mr. Castagnola argues, inter alia, that the "evidence was insufficient as a matter of law to prove Count 1, Retaliation, in violation of R.C. 2921.05(A)."

{¶26} Mr. Castagnola has not established, based on the record, that there was no possibility he could have been convicted of the retaliation charge to which he pleaded guilty, or as to other counts of the indictment that were dismissed pursuant to plea negotiations. "'[A] claim of ineffective assistance of counsel on direct appeal cannot be premised on decisions of trial counsel that are not reflected in the record of proceedings * * * [and] [s]peculation regarding the prejudicial effects of counsel's performance will not establish ineffective assistance of counsel.'" *State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶ 4, quoting *State v. Leyland*, 9th Dist. Summit Nos. 23833 & 23900, 2008-Ohio-777, ¶ 7. Moreover, this Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland* at 689. Even debatable trial tactics will not constitute ineffective assistance of counsel where "there is no showing that counsel did not research the facts or the law, or that he was ignorant of a crucial defense." *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980).

{¶27} Mr. Castagnola has not demonstrated that counsel's performance when he advised Mr. Castagnola to enter a guilty plea fell below an *objective* standard of reasonable representation. *See Strickland* at 687-688. Because Mr. Castagnola's argument is based on conjecture and is "entirely speculative in nature" he has not demonstrated error in counsel's performance and cannot establish that he received ineffective assistance of counsel. *State v. Fridley*, 9th Dist. Wayne No. 17AP0029, 2019-Ohio-3412, ¶ 32. Accordingly, his assignment of error is overruled.

III.

{¶28} Mr. Castagnola's first and second assignments of error in CA-29250 are both overruled. His conviction is affirmed.

{¶29} Mr. Castagnola's assignment of error in CA-29141 is sustained. The decision of the Summit County Court of Common Pleas denying Mr. Castagnola's motion for the return of

seized property is reversed, and this matter is remanded for proceedings consistent with that decision.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

NICHOLAS J. CASTAGNOLA, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.