[Cite as *Fields v. Cottrill*, 2020-Ohio-5163.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| GERALD D. FIELDS | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Relator | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| KELLY J. COTTRILL, JUDGE, ET AL. | : | |
| | : | Case No. CT2020-0046 |
| | : | |
| Respondents | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Writ of Mandamus


JUDGMENT:          Dismissed


DATE OF JUDGMENT:          November 4, 2020


APPEARANCES:

For Relator                                         For Respondents

GERALD D. FIELDS                          D. MICHAEL HADDOX
#765-446                                          Prosecuting Attorney, Muskingum
Noble Correctional Institution          County
15708 McConnellsville Road            MARK Z. ZANGHI
Caldwell, OH  43724                         Assistant Prosecuting Attorney
                                                          P.O. Box 189
                                                          27 N. 5th Street, Suite 201
                                                          Zanesville, OH 43702-0189

*Wise, Earle, J.*

{¶ 1}   On September 28, 2020, Relator Gerald D. Fields filed a Complaint/Petition for Writ of Mandamus Pursuant to Article IV, Section 3, of the Ohio Constitution.

Factual Background

{¶ 2}   Mr. Fields requests that the Court order Respondents Judge Kelly J. Cottrill, the Muskingum County Court of Common Pleas,[1] and the Zanesville Police Department to release $7,700.00 in cash to his brother. [Complaint at ¶ 18] Mr. Fields contends the cash belongs to him and was seized from a pillow during the search of his residence. [*Id.* at ¶ 5] Following the search of his residence, Mr. Fields was indicted on six drug offenses which resulted in a jury trial. [*Id.* at ¶ 6] As part of its verdict, the jury determined the $7,700.00 was not subject to forfeiture. [*Id.*] A Judgment Entry filed by the trial court on June 6, 2019 indicates, "the Jury further found that the Seven Thousand Seven Hundred Dollars ($7,700.00) was not subject to forfeiture to the State of Ohio[.]" [*Id.*]

{¶ 3}   Thereafter, Mr. Fields filed the following motions in the trial court attempting to secure the return of the $7,700.00: (1) Motion for Return of Property filed on November 25, 2019; (2) Motion for Judgment on the Pleadings filed on December 18, 2019; and (3) Motion to Release and Return Unlawfully Held Property filed on July 17, 2020. The trial court denied each motion. Mr. Fields never appealed the denial of any of these motions

---

[1] "A court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law." *Todd v. United States*, 158 U.S. 278, 284, 15 S.Ct. 889, 891, 39 L.Ed. 982. (1895). Absent express statutory authority, a court can neither sue nor be sued. *State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973). The Muskingum County Court of Common Pleas is not a proper party to this original action and is hereby dismissed as party to this matter.

and now seeks mandamus relief. The Muskingum County Prosecutor, on behalf of Respondents, moved to dismiss Mr. Fields's writ under Civ.R. 12(B)(6).

## Standard of Review

{¶ 4} A court is permitted to dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." (Citation omitted.) *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9.

{¶ 5} For a writ of mandamus to issue, the Relator must have a clear legal right to the relief prayed for, the Respondent must be under a clear legal duty to perform the requested act, and Relator must have no plain and adequate remedy in the ordinary course of law. (Citations omitted.) *State ex rel. Berger v.McMonagle*, 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983). If Relator has a plain and adequate remedy at law, a writ of mandamus will not issue. *State ex rel. Blandin v. Beck*, 114 Ohio St.3d 455, 2007-Ohio-4562, 872 N.E.2d 1232, ¶ 18.

## Legal Analysis

{¶ 6} We find Mr. Fields has an adequate remedy at law that precludes the issuance of a writ of mandamus. This adequate remedy is an action in replevin. As we explained in *State v. Young*, 5th Dist. Richland No. CA-2810, 1991 WL 87203 (May 3, 1991): "When the police seized appellant's property, they effectively became bailees of

the property and remain as such unless and until [appellant] commence[s] a forfeiture proceeding * * *] *Id.* at *1.

{¶ 7} Further, in *State ex rel. Johnson v. Kral*, 153 Ohio St.3d 231, 2018-Ohio 2382, 103 N.E.3d 814, the Court affirmed the court of appeals' dismissal of a complaint for writ of mandamus finding relator had an adequate remedy at law for the return of property by the Toledo Police Department by filing an action for replevin. *Id.* at ¶ 5. The Court quoted *State ex rel. Jividen v. Toledo Police Dept.*, 112 Ohio App.3d 458 459, 679 N.E.2d 34 (6th Dist.1996), wherein the court of appeals stated: "The proper action to reclaim possession of property based on unlawful seizure or detention is an action for replevin." *See also State ex rel. Harris v. Toledo,* 74 Ohio St.3d 36, 38, 656 N.E.2d 334 (1995) ("Harris could have availed himself of the alternative adequate legal remedy of replevin under R.C. Chapter 2737 to recover possession of the truck. See *State ex rel. Luke v. Corrigan* (1980), 61 Ohio St.2d 86, 15 O.O.3d 123, 399 N.E.2d 1208 (affirming dismissal of mandamus complaint on the basis that relators had an adequate remedy at law by way of an action in replevin to recover personal property seized under a search warrant)[.]"

{¶ 8} For these reasons, Mr. Fields has an adequate remedy at law and cannot state a claim for mandamus relief. Therefore, the Court grants Judge Cottrill's and the Zanesville Police Department's Motion to Dismiss under Civ.R. 12(B)(6). The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶ 9} MOTION GRANTED.

{¶ 10} CAUSE DISMISSED.

{¶ 11} COSTS TO RELATOR.

{¶ 12} IT IS SO ORDERED.

By Earle E. Wise, Jr., J.

Gwin, P.J. and

Delaney, J. concur.

EEW/ac