[Cite as *Fields v. Zanesville Police Dept.*, 2021-Ohio-3896.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| GERALD D. FIELDS | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2021-0032 |
| ZANESVILLE POLICE DEPT., ET AL | : |  |
|  | : |  |
| Defendants-Appellees | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court
of Common Pleas, Case No. CH2021-0053

JUDGMENT:                           Reversed and Remanded

DATE OF JUDGMENT ENTRY:      November 2, 2021

APPEARANCES:

For Defendant-Appellee Maddox          For Plaintiff-Appellant

RONALD L. WELCH                        GERALD FIELDS
Muskingum County Prosecutor            Noble County Correctional Facility
By: MARK A. ZANGHI                     15708 McConnelsville Road
Assistant Prosecutor                   Caldwell, OH 43724
27 N. 5th Street, Ste. 201
Zanesville OH 43701

For Defendant-Appellee City of Zanesville Police Department
DAVID J. TARBERT
Zanesville Law Director
401 Market Street, Room 209
Zanesville, OH 43701

*Gwin, P.J.*

{¶1}   Appellant Gerald D. Fields appeals the June 4, 2021 judgment entry of the Muskingum County Court of Common Pleas granting appellees' motion for summary judgment.   Appellees are the City of Zanesville Police Department and D. Michael Haddox, the former prosecutor of Muskingum County.

*Facts & Procedural History*

{¶2}   In February of 2019, appellant was indicted on several counts, including trafficking in drugs (cocaine) and trafficking in drugs (marijuana).  Each of these counts had a forfeiture specification with regards to $7,700 seized from a pillow during a search of appellant's residence.

{¶3}   The jury found appellant guilty of the counts in the indictment.  However, with regards to the forfeiture specifications, the jury found as follows on the verdict forms dated June 5, 2019, "We, the jury, find that the Seven Thousand Seven Hundred ($7,700.00) in lawful U.S. Currency IS NOT subject to forfeiture to the State of Ohio."

{¶4}   On June 6, 2019, the trial court issued a judgment entry finding appellant guilty of possession of drugs (cocaine), possession of drugs (marijuana), trafficking in cocaine, trafficking in marijuana, and illegal manufacture of drugs (cocaine).  Additionally, the judgment entry specifically provides, "the jury found the seven thousand seven hundred dollars ($7,700) was not subject to forfeiture to the State of Ohio."  Appellant filed a direct appeal, challenging his conviction and sentence.  We affirmed his conviction and sentence in *State v. Fields*, 5th Dist. Muskingum No. CT2019-0073, 2020-Ohio-3995. The State of Ohio did not file a cross-appeal with regards to the jury's finding that the $7,700 seized from appellant's home was not subject to forfeiture.

{¶5} In November and December of 2019, appellant filed a motion for return of property and an associated motion for judgment on the pleadings. Additionally, appellant filed a motion to release and return unlawfully held property in July of 2020. The trial court denied all three of appellant's motions on September 21, 2020. Appellant did not appeal the denial of any of these motions.

{¶6} On September 28, 2020, appellant filed a complaint/petition for a writ of mandamus against the trial court judge, the Muskingum County Court of Common Pleas, and the Zanesville Police Department. Appellant requested this Court order the trial court judge and/or the Zanesville Police Department to release the $7,700 in cash.

{¶7} The trial court judge, the Muskingum County Court of Common Pleas, and the Zanesville Police Department filed a motion to dismiss appellant's petition for writ of mandamus. In their motion to dismiss, respondents made one argument: that appellant was not entitled to a writ of mandamus because he had an adequate remedy at law, appealing the decisions of the trial court denying his motions to return property.

{¶8} In *Fields v. Cottrill*, 5th Dist. Muskingum No. CT2020-0046, 2020-Ohio-5163, we granted the motion to dismiss the mandamus petition because appellant had an adequate remedy at law. However, we did not find persuasive or adopt the reasoning advanced by the respondents that appellant's adequate remedy at law was to appeal the decisions of the trial court denying his motions to return property.

{¶9} Rather, we held that, "Fields has an adequate remedy at law that precludes the issuance of a writ of mandamus. This adequate remedy is an action in replevin." *Id.* We based our determination on this Court's holding in *State v. Young* that a trial court does not have jurisdiction to hear a defendant's motion to return property after the

judgment of conviction and sentence and, in order to reclaim possession of property, the defendant's proper remedy was to file an action in replevin, as " when the police seized appellant's property, they effectively became bailees of the property and remain as such unless and until [appellant] commence[s] a forfeiture proceeding * * *." *Id.* 5th Dist. Richland No. CA-2810, 1991 WL 87203 (May 3, 1991).

{¶10} We also cited in our mandamus decision the Ohio Supreme Court case of *State ex rel. Johnson v. Kral*, 153 Ohio St.3d 321, 2018-Ohio-2382, 103 N.E.3d 814, where the Supreme Court affirmed the court of appeals' dismissal of a complaint for writ of mandamus finding that the relator had an adequate remedy at law for the return of property held by the Toledo Police Department; the adequate remedy at law was filing an action for replevin. *Id.*

{¶11} On March 5, 2021, appellant instituted an action in replevin by filing a motion for order of possession and affidavit in support of motion for order of possession against appellees.

{¶12} On March 12, 2021, appellees filed a joint motion for summary judgment. Appellees argued they were entitled to summary judgment because appellant's replevin complaint was barred by the doctrine of res judicata, as he did not appeal the trial court's judgment entries denying his motions for return of property. Appellant filed a reply in opposition to the motion for summary judgment.

{¶13} The trial court issued a judgment entry on June 4, 2021, granting appellees' motion for summary judgment and dismissing appellant's replevin complaint. The trial court granted the motion based upon the doctrine of res judicata; specifically, that the doctrine of res judicata prevents appellant from collaterally attacking the decision of the

trial court in a replevin action because he failed to appeal the decisions of the trial court denying his motions for return of property.

{¶14} Appellant appeals the June 4, 2021 judgment entry of the Muskingum County Court of Common Pleas and assigns the following as error:

{¶15} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S SUBSTANTIAL DUE PROCESS RIGHTS BY APPLYING RES JUDICATA TO BAR APPELLANT'S REPLEVIN CLAIM, WHERE NO JUDGMENT HAS EVER BEEN RENDERED AGAINST APPELLANT REGARDING THE $7,700.00, AND WHERE NO JUDGMENT OR ORDER HAS EVER BEEN RENDERED OTHERWISE DISPOSING OF THE APPELLANT'S $7,700.00."

*Summary Judgment Standard*

{¶16} Civil Rule 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the

party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶17} A trial court should not enter summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. Of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.,* 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶18} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

I.

{¶19} The doctrine of res judicata precludes "relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." *State ex rel. Kroger v. Indus. Comm. Of Ohio,* 80 Ohio St.3d 649, 687 N.E.2d 768 (1998). Where there is a valid, final judgment rendered on the merits, res judicata bars all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject of the previous case. *Grava v.*

*Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995).

{¶20} Appellees argue appellant was required to appeal the trial court's denial of his motions to return property and, because he did not, his replevin action is barred by res judicata. Appellant contends the trial court committed error in granting summary judgment based on res judicata because of this court's rulings in *Fields v. Cottrill*, 5th Dist. Muskingum No. CT2020-0046, 2020-Ohio-5163 and *State v. Young,* 5th Dist. Richland No. CA-2810, 1991 WL 87203 (May 3, 1991). We agree with appellant.

{¶21} In this case, the jury clearly found the $7,700 was not subject to forfeiture. The jury verdict forms dated June 5, 2019 provide the $7,700 "is not subject to forfeiture." A trial court judgment entry dated June 6, 2019 also specifically confirmed the funds were not subject to forfeiture. When appellant attempted to reclaim his funds via mandamus, appellees made the same argument they make in this case, that appellant's adequate remedy at law was an appeal from the trial court's denial of the motions for return of property. While we ultimately dismissed the mandamus action because appellant had an adequate remedy at law, this Court specifically stated that the adequate remedy at law was a replevin action, not an appeal of the denial of the motions to return property. *Fields v. Cottrill,* 5th Dist. Muskingum No. CT2020-0046, 2020-Ohio-5163,

{¶22} We based our decision on our previous case of *State v. Young*, and the Ohio Supreme Court's decision in *State ex rel. Johnson v. Kral.* In *State v. Young*, the appellant attempted to appeal from the trial court's dismissal of his motion to return property seized from his residence. *Id.* We found the trial court property dismissed the motion to return property because the appellant's motion was not properly before the trial court as "after the judgment of conviction and sentence was entered and time for appeal

lapsed, the trial court no longer had jurisdiction to hear appellant's motion." *Id.* We further held that, "in order to reclaim possession of his property, appellant's proper remedy was to file an action in replevin * * * when the police seized appellant's property, they effectively became bailees of the property * * *." *Id.*

{¶23} In *State ex rel. Johnson v. Kral*, the Ohio Supreme Court dealt with whether mandamus was the appropriate way in which to compel a police department to comply with a judgment entry ordering the property returned to the owner. 153 Ohio St.3d 231, 2018-Ohio-2382, 103 N.E.3d 814. The Supreme Court held that, "the proper action to reclaim possession of property based on unlawful seizure or detention is an action for replevin." *Id;* see also *State ex rel. Jividen v. Toledo Police Dept.*, 112 Ohio App.3d 458, 679 N.E.2d 34 (6th Dist. 1996) (the proper action to reclaim possession of property based upon an unlawful seizure or detention is an action for replevin).

{¶24} Pursuant to the doctrine of stare decisis, "courts [should] follow controlling precedent, thus creating stability and predictability in our legal system." *Westfield Ins. Co v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. Stare decisis requires this Court to adhere to our precedent in both *Fields* and *Young* that to reclaim the property being held, appellant had to file an action in replevin. As detailed above, the Ohio Supreme Court has also found the proper action to reclaim possession of property based on unlawful seizure is a replevin action.

{¶25} Further, the Ohio Supreme Court has explained that res judicata is a rule of "fundamental and substantial justice" to be applied in a particular situation as fairness and justice require, and "that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197.

In this case, both the jury verdict and the June 6, 2019 judgment entry of the trial court clearly and unequivocally determined the funds at issue were not subject to forfeiture. The State of Ohio did not file a civil forfeiture complaint with regards to the $7,700, nor did the State of Ohio file an appeal of the jury verdict or the trial court's judgment entry. When appellant attempted to recover the funds via a writ of mandamus, this Court did not adopt the respondents' argument that appellant's adequate remedy at law was an appeal of the denial of his motions for return of property, but we specifically stated appellant's adequate remedy at law was a replevin action. Under the specific facts of this case and the concept of stare decisis, we find the application of the doctrine of res judicata would not result in "fundamental and substantial justice."

{¶26} Appellees contend the case law is clear that when a defendant fails to file a timely appeal of a denial of motion for return of property, the doctrine of res judicata prevents the defendant from collaterally attacking this denial of the return of property in a replevin action.

{¶27} Appellees argue the case of *State v. Goins*, 12th Dist. Butler No. CA2004-02-054, 2005-Ohio-828, is "directly on point" in this case because the Twelfth District held that a replevin action was barred by res judicata after the defendant failed to appeal the denial of a motion for return of property in the defendant's underlying criminal case. *Id.* However, we find that *Goins* is not directly analogous to this case. There is an important factual difference between *Goins* and the instant case. In *Goins*, the trial court ordered the funds be turned over to the probation department for application toward costs and fines levied against the defendant. *Id.* Instead of filing a timely appeal of the judgment entry ordering the funds be turned over to probation department, the defendant later filed

a replevin action.  *Id.*  In this case, unlike in *Goins*, there was no order or judgment entry ordering the property forfeited or turned over to the probation department.  In fact, the exact opposite occurred.  There was a jury verdict and judgment entry specifically finding the funds were not subject to forfeiture.

{¶28}  The other two cases cited by appellant similarly were cases where, in the underlying criminal case, the trial court ordered the property forfeited and the defendants attempted to challenge these orders not in direct appeals, but in replevin actions filed after their time for direct appeals had expired.  *Wagner v. City of Cleveland*, 8th Dist. Cuyahoga No. 37817, 1978 WL 218217 (Oct. 26, 1978) (holding that defendant could not collaterally attack trial court's judgment ordering property confiscated in the underlying criminal case by filing a replevin action; defendant should have appealed the judgment entry in the underlying case ordering the property forfeited); *Cline v. Urbana Police Department*, 2nd Dist. Champaign No. 09-CA-45, 2010-Ohio-5384 (holding that defendant could not collaterally attack the trial court's judgment entry finding the seized property forfeited in a replevin action because "the proper vehicle for challenging the plea bargain agreement and any alleged problems concerning forfeiture would be a direct appeal.  Yet, he chose not to challenge the forfeiture of his plea bargain agreement in his appeal").  Thus, none of the cases cited by appellees involved facts analogous to the facts in this case.

{¶29}  Accordingly, we find the trial court committed error in granting appellees' motion for summary judgment based upon the doctrine of res judicata.

{¶30}  Appellees also argue the Zanesville Police Department is not sui juris and therefore cannot be sued in an action for replevin and that neither the Zanesville Police

Department or D. Michael Haddox, a former County Prosecutor, are real parties in interest. Appellees contend since appellant failed to name the City of Zanesville as a defendant in this case, summary judgment was appropriate.

{¶31} However, appellees failed to raise this argument in the trial court. A party cannot assert new arguments for the first time on appeal. *Kennedy v. Green*, 5th Dist. Muskingum No. CT2018-0033, 2019-Ohio-854, citing *Stores Realty Co. v. Cleveland*, 41 Ohio St. 41, 322 N.E.2d 629 (1975). As a general rule, a litigant who has the opportunity to raise an issue in the trial court, but declines to do so, waives the right to raise that issue on appeal. *The Strip Delaware, LLC v. Landry's Restaurants, Inc.*, 5th Dist. Stark No. 2010CA00316, 2011-Ohio-4075; *Helle v. Chrysler Credit Corp.*, 5th Dist. Delaware No. 87-CA-22, 1988 WL 120022.

{¶32} Further, Civil Rule 9(A) requires a party challenging its capacity to be sued to raise the defense by specific negative averment. Appellees did not do so. *Heintzelman v. Air Experts, Inc.*, 5th Dist. Delaware No. 2005-CAE-08-0054, 2006-Ohio-4832; *Fields v. Daley*, 68 Ohio App.3d 33, 587 N.E.2d 400 (10th Dist. 1990) (stating, "to the extent defendants claim the police department lacks the legal capacity to be sued, such matter must be raised" by specific negative averment); *Mollette v. Portsmouth City Council*, 169 Ohio App.3d 557, 2006-Ohio-6289, 863 N.E.2d 1092 (4th Dist. 2006) (when a party desires to raise an issue as to the legal existence of any party or the capacity to of any party to be sued, he shall do it by specific negative averment).

{¶33} Additionally, when a party is not sui juris, this Court has found that Civil Rule 15 permits the trial court, upon motion by a plaintiff, to amend the pleadings, so long as the defendant is not prejudiced by the amendment. *Id.* (holding Civil Rule 15 permits

substitution of parties, so long as the party is not prejudiced; the trial court did not err in permitting plaintiffs to amend their pleading to name the appropriate party); see also *Hinderegger v. Dairy Nutrition Council*, 5th Dist. Stark No. CA-8990, 1992 WL 330033; *Larson v. Canton City Utilities*, 5th Dist. Stark No. 2019CA00041, 2019-Ohio-5400 (while trial court cannot amend a complaint to add a defendant sua sponte, a plaintiff can file a motion to amend complaint to assert a claim against the proper party); see also *Carney v. Cleveland Hts.-Univ. Hts. City School Dist.*, 143 Ohio App.3d 415, 758 N.E.2d 234 (8th Dist. 2001) (finding the trial court abused its discretion in not granting plaintiff's motion to amend complaint and granting summary judgment based upon the doctrine of sui juris was improper since the amendment was nothing more complicated than a simple name change); *Fields v. Daley*, 68 Ohio App.3d 33, 587 N.E.2d 400 (10th Dist. 1990) (holding that had the defendants raised the sui juris argument, the matter could have been promptly corrected pursuant to Civil Rule 15(A)); *Krueck v. Kipton Village Council*, 9th Dist. Lorain No. 11CA009960, 2012-Ohio-1787 (village council was not sui juris, but trial court granted plaintiff's motion to amend complaint to substitute the appropriate party); *Mollette v. Portsmouth City Council*, 169 Ohio App.3d 557, 2006-Ohio-6289, 863 N.E.2d 1092 (4th Dist. 2006) (trial court erred in denying motion to amend when the motion was filed soon after the issue of council's non sui juris status came to plaintiff's attention).

**{¶34}** Because we find the trial court committed error in granting summary judgment on the basis of res judicata, the case returns to the trial court to address and rule on any motions and arguments by the parties.

**{¶35}** Based on the foregoing, appellant's assignment of error is sustained.

{¶36}    The June 4, 2021 judgment entry of the Muskingum County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.

By Gwin, P.J.,

Wise, John, J., and

Delaney, J., concur